UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and AHR UTILITY CORPORATION,<br>Defendants | CA 06 392 T<br><br>CIVIL ACTION NO. ________ |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, The Hanover Insurance Group ("Hanover") hereby removes this case to this Court from Rhode Island Superior Court at Providence County. In support of this notice, the Hanover states as follows:

1. The plaintiffs Anthony F. Rosciti, Jr. ("Anthony Rosciti") and Shannon B. Rosciti (collectively as "Roscitis") filed suit on or about August 1, 2006 in Providence Superior Court. The case is entitled Anthony F. Rosciti, Jr.; and Shannon B. Rosciti v. The Hanover Insurance Group; South Shore Utility Contractors, Inc., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore utility Contractors, Inc.; Henry V. Rosciti; and A.H.R. Utility Corporation, Providence Superior Court C.A. No.: PC 06-4021. True copies of the Civil Action Cover Sheet and Complaint are attached to this notice as Exhibit A. Defendants Henry V. Rosciti ("Henry Rosciti") and A.H.R. Utility Corporation ("AHR") filed their Answer

to this Complaint on or about August 25, 2006 and a true and accurate copy of the Answer is attached as Exhibit B.

2. Service of the Complaint was effected on Hanover on August 8, 2006. This notice is being timely filed within 30 days of August 8.

3. Relevant Facts

South Shore Utility Contractors, Inc. ("South Shore") was a utility contractor doing, among other things, public jobs requiring surety bonds in Rhode Island. South Shore came to Hanover in early 2005 seeking surety bonds. South Shore had been previously bonded by the sureties Crum & Forster and St. Paul/Travelers (and are now in claim with each company).

As partial consideration for Hanover agreeing to write bonds on behalf of South Shore, Indemnitors Roscitis, Henry Rosciti, AHR and South Shore executed an Agreement of Indemnity dated May 31, 2005 ("Indemnity Agreement"). Among other things, the Indemnitors agreed, jointly and severally, to: (1) indemnify and hold harmless Hanover from all loss, costs, attorney fees, interest, etc. occasioned by its having written bonds on behalf of South Shore; (2) post cash collateral with Hanover when liability existed or was asserted against Hanover under the bonds in an amount satisfactory to Hanover; (3) assign all right and title to bonded and unbonded contract proceeds to Hanover, enforceable when the Indemnitors, or any one of them, were in default of the Indemnity Agreement; and (4) covenant and agree that all bonded contract funds are held in trust for payment of bonded obligations on bonded construction jobs.

In reliance of these promises, Hanover wrote performance and payment bonds for South Shore on two projects. Hanover wrote a total of five bonds on a project known as the Pawtucket Water Treatment Facility ("Pawtucket Project") totaling $7,640,000. Hanover also wrote a

performance and payment bond on an Amtrak project in Pawtucket ("Amtrak Project") in the amount of $365,900. Overall, Hanover expects losses of nearly $2,000,000 on these projects, net of remaining contract funds on each.

Hanover began receiving claim notices under the above payment and performance bonds beginning in November of 2005. Specifically, a subcontractor on the Pawtucket project made a claim for $572,000 against it for labor and materials supplied. In addition, on the same project, a pipe supplier made a claim in the amount of $755,000 under the payment bond. Each alleged that South Shore had received contract funds their work from the obligee on the bonds, but had not paid these funds over to them for the accepted work and/or materials.

By letter dated March 17, 2006, pursuant to the terms of the Indemnity Agreement, Hanover made a demand for collateral in the amount of $1.3 million against all Indemnitors. The Indemnitors refused to post collateral with Hanover. By letters dated March 21, 2006, Hanover wrote to the obligees on the Pawtucket Project and Amtrak Project and asked each not to pay any contract funds to South Shore without Hanover's prior, written consent.

By letter dated April 13, 2006, from the Indemnitors to Hanover, the Indemnitors each acknowledged that they were presently financially unable to perform their obligations under the relevant contracts and bonds and were in default under the bonds and Indemnity Agreement. Indemnitors expressly reaffirmed their joint and several obligations under the Indemnity Agreement. In addition, by letters also dated April 13, 2006, South Shore wrote to the obligees on the Pawtucket Project and Amtrak Project and irrevocably and voluntarily terminated their construction contract with each effective upon receipt of the letter. Further, South Shore irrevocably directed that all payments due or to become due under the contracts be payable

solely at the direction of Hanover. In addition, South Shore abandoned each of the projects on or about April 7, 2006.

Over the course of the months from April through June 2006, Hanover re-let the Pawtucket Project to a completing contractor by tendering the contractor to the obligee under the performance bond. During this same period of time, Hanover arranged for the completion of the Amtrak Project.

On or about May 12, 2006, Anthony Rosciti filed a petition in Rhode Island Superior Court placing South Shore in receivership. (Anthony Rosciti is 50% shareholder of South Shore.) Jonathan N. Savage, Esquire was appointed permanent receiver on or about June 5, 2006. (Providence Superior Court P.M. No. 06-2623.)

On June 12, 2006, Hanover filed suit in this Court (Civil Action No. 1:06-cv-00276) against the Roscitis, Henry Rosciti, and AHR, as joint and several obligors under the Indemnity Agreement on counts of breach of contract, declaratory relief and specific performance, all related to their obligations under the Indemnity Agreement.

In response, the Roscitis filed a motion to dismiss Hanover's action, which motion is pending before this Court, claiming it had failed to join indispensable party, South Shore, and, alternatively, for a stay of the proceedings, on or about August 1, 2006.

On the same day, the Roscitis also filed the state court action referenced above (Exhibit A to this Notice). In its Complaint, the Roscitis name Hanover and all of the other Indemnitors as Defendants. The Roscitis plead, among other things, a count under the declaratory judgment statutes of Rhode Island. With reference to the Defendants other than Hanover, the Roscitis specifically assert in their Complaint that the other Indemnitors are named as Defendants solely pursuant to the declaratory judgment statutes of Rhode Island. As such, the Roscitis specifically

plead that each of the other Defendants, South Shore, Henry Rosciti, and AHR, are "nominal defendants" in the action. (Exhibit A, Complaint, Paragraphs 4-6). Further, other than to recite in its facts that the other Indemnitors executed the Indemnity Agreement, the Roscitis make no further mention of these Defendants throughout the Complaint. Specifically, the Roscitis state absolutely no cause of action against any of these other Defendants and seek no relief against these Defendants under any of the counts of the Complaint, the sole claims for relief being directed against Hanover.

Under the Answer filed by Defendants AHR and Henry Rosciti (Exhibit B), these Defendants admit all of the pleading allegations made by the Roscitis in their Complaint against Hanover, and at the conclusion of their responses to each count, these Defendants demand judgment against Hanover. In other words, they seek, as named co-Defendants, the very same relief that Plaintiffs Roscitis seek in its Complaint against Hanover.

In response to the Roscitis' motion to dismiss its action, Hanover filed an objection on August 17, 2006, based on the well-settled case law that South Shore, as joint and several obligor, is not a necessary or indispensable party under Federal Rule of Civil Procedure 19.

The Roscitis filed a motion to consolidate its state court action with the receivership action, which motion was granted after a hearing on August 23, 2006.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Although Defendants South Shore, by and through its receiver, Henry Rosciti and AHR are all citizens of Rhode Island and have not consented to this removal notice, none of them are real parties "in interest" to this action pursuant to 28 U.S.C. § 1444(b). As set forth specifically in the Roscitis' Complaint, these Defendants are "nominal parties" to this action, named only pursuant to the Rhode Island declaratory judgment statutes. In addition, the Roscitis

state no cause of action and seek no relief from these Defendants. Finally, the Answer filed by Defendants Henry Rosciti and AHR to the Roscitis' Complaint acknowledges that they are nominal parties. In fact, these Defendants admit all allegations under all of the Counts directed against Hanover and seek judgment against Hanover in the same fashion on each Count as do the Roscitis. In construing the dictates of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 in this context, the federal courts have uniformly held nominal parties will be disregarded and jurisdiction will be decided only on the citizenship of the real parties to the controversy. In addition, in deciding the propriety of removal, the courts will realign parties from their positions in the state action to bring them in line with their real interests in the matter. *See,* for example, Salem Trust Company v. Manufacturers' Finance Co., 264 U.S. 182 (1924); Navarro Sav. Ass'n.v. Lee, 446 U. S. 458, 461 (1980); Shuman v. Shuman, 1996 U.S. Dist. Lexis 20043 (D. Mass. 1996); Ohio Cas. Ins. Co. v. RLI Ins. Co., 2005 U.S. Dist. Lexis 24124 (M.D.N.C. 2005). In this case, Defendants Henry Rosciti, AHR and South Shore should be disregarded as either nominal or fraudulently joined parties when considering compliance by Hanover in its removal notice with 28 U.S.C § 1441 and 28 U.S.C. § 1332. Alternatively, these defendants should be realigned in this action according to their real interests as one of Plaintiffs.

6. The removing defendant, Hanover, is a Delaware Corporation with its principal place of business in Worcester, Massachusetts. The amount in controversy in this matter exceeds $75,000.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By their attorney,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

PABOS2:RRITLAN:644575_1
2114-91630