CA 06 392T COPY

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # 06-4021

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF | DEFENDANT |
|---|---|
| Anthony F. Rosciti, Jr.; and Shannon B. Rosciti, | The Hanover Insurance Group; South Shore Utility Contractors, Inc., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; Henry V. Rosciti; and A.H.R. Utility Corporation, |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| (✓) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (✓) YES ( ) NO IF YES: (✓) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Christopher M. Mulhearn (#5188)
PRO SE/NAME:

DATE: TODAY August 1, 2006

SC223 (REV05-06)

JB 8-1-06

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI,

Plaintiffs

vs.

C.A. No.: PC 06-4021

THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,

Defendants

## COMPLAINT

1. Plaintiff, Anthony F. Rosciti, Jr. ("Anthony Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

2. Plaintiff, Shannon B. Rosciti ("Shannon Rosciti") is a domiciled resident and inhabitant of the Town of Lincoln, State of Rhode Island.

3. Upon information and belief, Defendant, The Hanover Insurance Group ("Hanover") is a duly organized and existing corporation, pursuant to the laws of the State of Delaware, having its principal place of business located in the City of Worcester, Commonwealth of Massachusetts.

4. Defendant, South Shore Utility Contractors, Inc. ("South Shore") is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of Johnston, State of Rhode Island. Further, in or about June, 2006, Jonathan N. Savage, Esq. ("the Receiver") was duly appointed by Providence

County Superior Court as Permanent Receiver of South Shore. As such, South Shore is being named herein by and through its Receiver, who is identified herein solely in his official capacity, and not in his individual capacity. Moreover, South Shore is named herein as a defendant, solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq*. Thus, South Shore is a nominal defendant in the above-entitled action.

5. Upon information and belief, Defendant, Henry V. Rosciti ("Henry Rosciti") is a domiciled resident and inhabitant of the Town of Scituate, State of Rhode Island. Henry Rosciti is named herein as a defendant solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq*. Thus, Henry Rosciti is a nominal defendant in the above-entitled action.

6. Upon information and belief, Defendant, A.H.R. Utility Corporation ("AHR") is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of Johnston, State of Rhode Island. AHR is named herein as a defendant herein solely pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq*. Thus, AHR is a nominal defendant in the above-entitled action.

**Jurisdiction**

7. This Superior Court has jurisdiction over the above-entitled action pursuant to R.I. General Laws §§8-2-13, 8-2-14 and 9-30-1.

**Allegations Common to All Counts**

8. In or about 2005, Hanover furnished performance and payment bonds on behalf of its principal, South Shore, naming Earth Tech and O. Ahlborg and Sons, Inc. (collectively, "Earth Tech") as obligees, for the project known as the Pawtucket Water Treatment Facility (the "Pawtucket Project") in the total amount of Five Million Six Hundred Sixteen Thousand Thirty Dollars and 00/100 ($5,616,030.00) (the "Pawtucket Project Bonds").

9. In addition, at or about that same time, Hanover furnished a payment and performance bonds or on behalf of its principal, South Shore, naming the Amtrak-National Railroad Passenger Corporation ("Amtrak") as obligee for a project known as the Freight Rail Improvement Project, twenty-four (24) inch water main relocation in Providence, Rhode Island (the "Amtrak Project") in the amount of Three Hundred Sixty-Five Thousand Nine Hundred Dollars and 00/100 ($365,900.00) (the "Amtrak Project Bonds").

10. In or about May, 2005, South Shore, Anthony Rosciti, Shannon Rosciti, Henry Rosciti and AHR, and each of them, executed an Agreement of Indemnity in favor of Hanover relative to the Pawtucket Project Bonds and the Amtrak Project Bonds, respectively.

11. Subsequent to the commencement of the Pawtucket Project and Amtrak Project, respectively, and during South Shore's discharge of its scope of work in connection with these projects, South Shore had disputes with two of its subcontractors regarding payment.

12. One of the disputes involving the Pawtucket Project related to measurement and payment terms in a subcontract (the "Pawtucket Dispute").

13. South Shore resolved the Pawtucket Dispute.

14. The only other dispute involved the Amtrak Project, wherein a subcontractor was applying payments on the Amtrak Project and other "bonded" work to only outstanding requisitions on "non-bonded" projects. Thus, creating an inflated receivable on the Amtrak Project (the "Amtrak Dispute").

15. South Shore's records supported its position with regard to the Amtrak Dispute.

16. Hanover had knowledge that South Shore had settled the Pawtucket Dispute and that South Shore's records supported South Shore's position relating to the Amtrak Dispute.

17. Despite the settlement of the Pawtucket Dispute and the good faith position of South Shore relative to the Amtrak Dispute, Hanover wrongfully, tortiously and in bad faith took it upon itself to communicate directly with the owners on both the Pawtucket Project and the Amtrak Project, respectively, and notify the owners not to make any further payments to the South Shore.

18. With all income from the Pawtucket and Amtrak Disputes cut-off, South Shore no longer had the ability to conduct an otherwise successful business.

19. South Shore's principal was able to secure a take-over arrangement that will ensure the completion of the Pawtucket and Amtrak Projects despite Hanover's action; however, South Shore has no ability to continue in its business.

**Count I**
**(Declaratory Judgment)**

20. Anthony Rosciti and Shannon Rosciti (collectively, the "Roscitis") hereby reallege and incorporate by reference Paragraphs 1 through 19 of their Complaint as if the same was stated more fully herein.

21. The rights, status and legal standing of the parties are governed by the Agreement, R.I. Gen. Laws and the Rhode Island common law.

22. A dispute has arisen in connection therewith.

WHEREFORE, the Roscitis respectfully pray that this Court enter an order that provides as follows:

a. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that in or about May, 2005, the Roscitis entered and/or have legal standing to enforce and benefit from legally valid, binding and enforceable contracts with Hanover.

b. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that without having engaged in any due diligence and/or investigation with respect to the complaints and/or claims asserted by certain subcontractors and/or suppliers relative to the Pawtucket Project and Amtrak Project, respectively, with respect to the Pawtucket Project Bonds and Amtrak Project Bonds in connection with any alleged non-payment of said certain subcontractors and/or supplier, Hanover directly contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

c. In the alternative, a declaration by this Court, pursuant to, and in accord with R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover with knowledge that the Pawtucket Dispute had been resolved and with knowledge that South Shore's records supported its position relative to the Amtrak Dispute, wrongfully, tortiously and with bad faith contacted the subject projects' owners, Earth Tech and Amtrak, respectively, and instructed Earth Tech and Amtrak, and each of them, to not tender any further payments to South Shore regarding the subject projects.

d. A declaration by this Court, pursuant to, and in accord with R.I. Gen. Laws §9-30-1, *et seq.*, that as a direct and proximate result of Hanover's actions or conduct, *to wit*, its contact with and directive to Earth Tech and Amtrak, and each of them, Hanover manufactured defaults of South Shore under the Pawtucket Project Bonds and Amtrak Project Bonds, respectively, as well as the Agreement.

e. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover's actions and/or conduct is in breach of its contract(s) with South Shore and/or the Roscitis, as well as in breach of its fiduciary obligations and duty of good faith and fair dealing owed to said individuals.

f. A declaration by this Court, pursuant to, and in accord with, R.I. Gen. Laws §9-30-1, *et seq.*, that Hanover is not entitled to indemnification or, in the alternative, any duty to indemnity is set off against the loss incurred as a result of its actions.

g. An award to the Roscitis, and each of them, of any and all attorneys' fees, costs and disbursements incurred by the Roscitis as a result of the prosecution of the above-entitled action.

h. An award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**<u>Count II</u>**
**<u>(Breach of Contract)</u>**

23. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 22 of their Complaint as if the same was stated more fully herein.

24. The Roscitis, and each of them, and Hanover, entered into and/or have standing to enforce and benefit from a legally binding, valid and enforceable contracts.

25. The Roscitis performed pursuant to the terms and conditions of the parties' contracts.

26. Hanover breached the terms and conditions of said contracts.

27. As a direct and proximate result of Hanover's willful breach of contract, the Roscitis, and each of them, have been, and continue to be, injured, harmed and/or damaged.

28. There exists no justiciable issue of either law or fact, and, Hanover's breach of the parties' contract is wholly unjustified.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees incurred, pursuant to R.I. Gen. Laws §9-1-45, and any and all other costs and disbursements incurred in the prosecution of the above-entitled action, and that this Court award to the Roscitis, and each of them, such other further relief as this Court may deem fair, just and reasonable.

**Count III**
**(Tortious Interference with Contract)**

29. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 28 of their Complaint as if the same was stated more fully herein.

30. Hanover knew, or should have known, of the underlying contracts relating to the Amtrak Project, Pawtucket Project, surety for said projects, and the indemnity obligations related thereto.

31. Hanover tortiously interfered with said contractual relationship.

32. Said tortious interference was willful and knowing. Further, said interference amounts to criminality.

33. As a direct and proximate result of Hanover's tortious conduct, the Roscitis, and each of them, have been, and continue to be injured, harmed and/or damaged.

WHEREFORE, the Roscitis, and each of them, respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with any interest thereon, plus any and all attorneys' fees costs, and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the

Roscitis, and each of them, be award such further relief as this Court may deem fair, just and reasonable.

**Count IV**
**(Tortious Interference Prospective Business Advantage)**

34. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 33 of their Complaint as if the same was stated more fully herein.

35. The Roscitis had a business relationship or contemplated contracts of economic benefit with regard and in connection with South Shore's ongoing operation of its business.

36. Hanover had knowledge of such relationship, and/or contemplated economic benefit.

37. Hanover's interference with such business relationship or contemplated economic benefit was through improper motive or means.

38. As a direct and proximate result thereof, the Roscitis lost business advantage(s) and/or opportunities, and, as such, the Roscitis has sustained damages in an amount to be proven at trial.

WHEREFORE, the Roscitis respectfully prays that this Court enter judgment in favor of the Roscitis, in an amount to be proven at trial, plus interest thereon, together with any and all attorneys' fees, costs and other disbursements or expenses incurred by the Roscitis, and that the Roscitis, and each of them, be awarded such other and further relief as this Court may deem fair, just and reasonable.

**Count V**
**(Bad Faith)**

39. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 38 of their Complaint as if the same was stated more fully herein.

40. Inherent in every contractual relationship, including without limitation the contract by and among the Roscitis and Hanover, is an inherent duty or obligation of good faith and fair dealing.

41. Hanover, owed the Roscitis a duty of good faith and fair dealing.

42. Hanover breached its duty of good faith and fair dealing to the Roscitis when it directly contacted, and instructed, Earth Tech and Amtrak, respectively, to not make any further payments to South Shore relative to the Pawtucket Project and Amtrak Project, respectively, thereby triggering or creating default relative to South Shore, and, further, artificially triggering the Roscitis' obligations under the Agreement.

43. Said breach of good faith and fair dealing was willful and knowing.

44. As a direct and proximate result of Hanover's conduct, the Roscitis, and each of them, have been and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem fair, just and reasonable.

**Count VII**
**(Breach of Fiduciary Duty)**

45. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 44 of their Complaint as if the same was stated more fully herein.

46. By virtue of their indemnitor-indemnity relationship *vis-à-vis* the Agreement, Hanover had a fiduciary obligation to the Roscitis.

47. Hanover breached its fiduciary obligation to the Roscitis, by instructing Earth Tech and Amtrak, respectively, to not tender any payments to South Shore relative to the subject projects.

48. As a direct and proximate result of Hanover's breach of its fiduciary obligation, the Roscitis have been, and continue to be, injured, harmed and/or damaged.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and other disbursements incurred by the Roscitis as a result of the above-entitled action, and that the Roscitis, and each of them, be awarded such other further relief as this Court may deem, fair, just and reasonable.

**Count VIII**
**(Unfair and Deceptive Acts or Practices)**
**M.G.L.A. 93A § 11**

49. The Roscitis hereby reallege and incorporate by reference Paragraphs 1 through 48 of their Complaint as if the same was stated more fully herein.

50. The Roscitis are persons who engaged in the conduct of trade commerce.

51. Hanover is a person who engages in the conduct of trade commerce.

52. As a result of Hanover's use or employment of unfair or deceptive acts or practices declared unlawful by M.G.L.A. 93A §2, the Roscitis have suffered a loss of money and/or property, real or personal.

53. The deceptive act or practices undertaken by Hanover and declared lawful under M.G.L.A. 93A §2, were undertaken willfully and knowingly.

54. The deceptive act or practices undertaken by Hanover occurred primarily and substantially within the Commonwealth of Massachusetts.

WHEREFORE, the Roscitis respectfully pray that this Court enter judgment against Hanover, and in favor of the Roscitis, and each of them, in an amount to be proven at trial, together with interest thereon, plus any and all attorneys' fees, costs and statutory damages provided for under M.G.L.A. 93A §11, and such other relief as this Court may deem, fair, just and reasonable.

Respectfully submitted,

Anthony F. ~~Rosciti, Jr.~~ & Shannon B. Rosciti,

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: August 1, 2006

**Jury Demand**

Plaintiffs, Anthony F. Rosciti and Shannon Rosciti, and each of them, hereby demand a trial by jury on all counts so triable.