STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ANTHONY F. ROSCITI, JR, et al
Plaintiffs

vs.

THE HANOVER INS GROUP; SOUTH SHORE UTILITY CONTRACTORS, HENRY V. ROSCITI and A.H.R. UTILITY CORP.
Defendants

C.A. No.: PC-06-4021

**ANSWER OF DEFENDANTS HENRY V. ROSCITI AND A.H.R. UTILITY CORP.**

NOW COME Defendants Henry V. Rosciti ("Henry Rosciti") and A.H.R. Utility Corp. (AHR) (collectively "Defendants") who are Nominal Defendants only in the above captioned matter and answer Plaintiffs' Complaint as follows:

1. Paragraph 1 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 1 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

2. Paragraph 2 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 2 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

3. Paragraph 3 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without

sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 3 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

4. Paragraph 4 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments in Paragraph 4 of Plaintiffs' Complaint and leave Plaintiffs to their proof thereof.

5. Defendant Henry V. Rosciti admits to the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant A.H.R. Utility Corporation ("AHR") admits that it was a duly organized corporation pursuant to the laws of the State of Rhode Island, but is no longer an active corporation.

7. Defendants admit to the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit to the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit to the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit to the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 11 and leave Plaintiffs to their proof thereof.

12. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 12 and leave Plaintiffs to their proof thereof.

13. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 13 and leave Plaintiffs to their proof thereof.

14. Defendants do not have sufficient information or knowledge as to form a belief to the

truth of the averments in Paragraph 14 and leave Plaintiffs to their proof thereof.

15. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 15 and leave Plaintiffs to their proof thereof.

16. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 16 and leave Plaintiffs to their proof thereof.

17. Defendants do not have sufficient information or knowledge as to form a belief to the truth of the averments in Paragraph 17 and leave Plaintiffs to their proof thereof.

18. Defendants admit to the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants admit to the allegations in Paragraph 19 of Plaintiffs' Complaint.

**COUNT 1**
**(Declaratory Judgment)**

20. Defendants' responses to Paragraphs 1-19 are incorporated by reference as if fully set forth herein.

21. Defendants admit to the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit to allegations in Paragraph 22 of Plaintiffs' Complaint.

WHEREFORE Defendants Henry V. Rosciti and AHR demand a judgment in their favor and against Defendant Hanover Insurance Group, together with any and all costs, including but not limited to attorney's fees, as deemed appropriate by this Honorable Court.

**COUNT II**
**(Breach of Contract)**

23. Defendants' responses to Paragraphs 1-22 are incorporated by reference as if fully set forth herein.

24. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 24 of the

Complaint.

25. Defendants admit to the allegations in Paragraph 25 of the Complaint.

26. Defendants admit to the allegations in Paragraph 26 of the Complaint.

27. Defendants admit to the allegations in Paragraph 27 of the Complaint.

28. Defendants admit to the allegations in Paragraph 28 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT III**
**(Tortious Interference with Contract)**

29. Defendants' responses to Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

30. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 30 of the Complaint.

31. Defendants admit to the allegations in Paragraph 31 of the Complaint.

32. Defendants admit to the allegations in Paragraph 32 of the Complaint.

33. Defendants admit to the allegations in Paragraph 33 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees,

and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable..

**COUNT IV**
**(Tortious Interference with Prospective Business Advantage)**

34. Defendants' responses to Paragraphs 1-28 are incorporated by reference as if fully set forth herein.

35. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 35 of the Complaint.

36. Defendants admit to the allegations in Paragraph 36 of the Complaint.

37. Defendants admit to the allegations in Paragraph 37 of the Complaint.

38. Defendants admit to the allegations in Paragraph 38 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT V**
**(Bad Faith)**

39. Defendants' responses to Paragraphs 1-38 are incorporated by reference as if fully set forth herein.

40. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 40 of the Complaint.

41. Defendants admit to the allegations in Paragraph 41 of the Complaint.

42. Defendants admit to the allegations in Paragraph 42 of the Complaint.

43. Defendants admit to the allegations in Paragraph 43 of the Complaint.

44. Defendants admit to the allegations in Paragraph 44 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT VII (no Count VI)**
**(Breach of Fiduciary Duty)**

45. Defendants' responses to Paragraphs 1-44 are incorporated by reference as if fully set forth herein.

46. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 46 of the Complaint.

47. Defendants admit to the allegations in Paragraph 47 of the Complaint.

48. Defendants admit to the allegations in Paragraph 48 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

**COUNT VIII**
**(Unfair and Deceptive Acts or Practices M.G.L.A. 93A § 11)**

49. Defendants' responses to Paragraphs 1-48 are incorporated by reference as if fully set forth herein.

50. Defendants Henry Rosciti and AHR admit to the allegations in Paragraph 50 of the Complaint.

51. Defendants admit to the allegations in Paragraph 51 of the Complaint.

52. Defendants admit to the allegations in Paragraph 52 of the Complaint.

53. Defendants admit to the allegations in Paragraph 53 of the Complaint.

54. Defendants admit to the allegations in Paragraph 54 of the Complaint.

WHEREFORE Defendants Henry Rosciti and AHR respectfully demand judgment against Defendant Hanover and in favor of Defendants Henry Rosciti and AHR in an amount to be proven at trial, together with any interest thereon, plus any and all costs and attorneys' fees, and that this Honorable Court award Defendants Henry Rosciti and AHR any other relief as it deems just and reasonable.

Respectfully Submitted,
DEFENDANTS HENRY V.ROSCITI AND A.H.R. UTILITY CORP.
By their Attorneys

Joseph DeAngelis (#1395)
Paul J. Moretti Sr. (# 7433)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
(401) 456-1257
(401) 456-1210 (fax)

DEFENDANTS HENRY V. ROSCITI AND A.H.R. UTILITY CORP. HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2006, I mailed a copy of the within Answer of Defendants Henry V. Rosciti and A.H.R. Utility Corp. by first-class mail, postage prepaid, to the following:

W. Mark Russo. Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine St., 4th Floor
Providence, RI 02903

Fred Connelly,Esq.
Kevin Cain, Esq.
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Jonathan Savage, Esq.
Schechtman, Halperin Savage, LLP
1080 Main St.
Pawtucket, RI 02860

Roberta S. Arsoc

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;434997;1