UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI, Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through its duly appointed Permanent Receiver, Jonathan N. Savage, Esq.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION, Defendants. | **C.A. No. 06-392T**<br><br>(removed from Providence County, RI Superior Court, where it was pending as C. A. No. PB06-4021) |

**ANSWER OF DEFENDANT SOUTH SHORE UTILITY CONTRACTORS, INC. IN RECEIVERSHIP, BY AND THROUGH ITS DULY APPOINTED PERMANENT RECEIVER, JONATHAN N. SAVAGE, ESQ., TO PLAINTIFFS' COMPLAINT**

NOTE: THIS ANSWER WAS PREVIOUSLY FILED IN STATE COURT ON SEPTEMBER 5, 2006 BY THE PERMANENT RECEIVER OF DEFENDANT SOUTH SHORE UTILITY CONTRACTORS, INC. IN RECEIVERSHIP, PRIOR TO HIS RECEIVING BY MAIL THE NOTICE OF REMOVAL APPARENTLY FILED BY DEFENDANT THE HANOVER INSURANCE GROUP ON SEPTEMBER 1, 2006 (THE PRIOR BUSINESS DAY). TO THE EXTENT THAT THIS ANSWER WAS NOT DOCKETED BY THE RHODE ISLAND STATE COURT PRIOR TO REMOVAL OF THIS CASE, IT IS HEREBY FILED IN THIS COURT. WHEREAS THE RECEIVER WAS NOT ADVISED BY HANOVER OF ITS INTENT TO REMOVE THIS ACTION, AND WHEREAS THE RECEIVER HAS NOT CONSENTED TO REMOVAL, THE RECEIVER EXPRESSLY RESERVES HIS RIGHTS TO SEEK REMAND OF THIS ACTION TO THE RHODE ISLAND STATE COURTS, IF APPROPRIATE.

**Introduction**

In accordance with Super. Ct. R. Civ. P. 8, 12 and 66, Defendant South Shore Utility Contractors, Inc. ("South Shore") in Receivership, by and through its duly appointed Permanent Receiver, Jonathan N. Savage, Esq. ("South Shore's Receiver"), hereby responds to the allegations contained in the Plaintiff's Complaint as follows:

1. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

4. South Shore's Receiver admits that, at the time of his appointment by this Court, South Shore was a duly organized and existing Rhode Island corporation with its principal place of business in the Town of Johnston. South Shore's Receiver was appointed as Temporary Receiver on May 12, 2006, and thereafter as Permanent Receiver on June 5, 2006. As to the remaining allegations contained in Paragraph 4 of the Plaintiffs' Complaint, South Shore's Receiver states that those sentences set forth legal conclusions, to which no response is required.

5. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 5 of the Plaintiffs' Complaint. As to the remaining allegations contained in Paragraph 5 of the Plaintiffs' Complaint, South Shore's Receiver states that those sentences set forth legal conclusions, to which no response is required.

6. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 6 of the Plaintiffs' Complaint. As to the remaining allegations contained in Paragraph 6 of the Plaintiffs' Complaint, South Shore's Receiver states that those sentences set forth legal conclusions, to which no response is required.

**Jurisdiction**

7. The allegations contained in Paragraph 7 of the Plaintiffs' Complaint set forth legal conclusions, to which no response is required.

**Allegations Common to All Counts**

8. From South Shore's Receiver's review of the books and records of South Shore upon his appointment as Receiver, he reasonably believes the allegations contained in Paragraph 8 of the Plaintiffs' Complaint to be true. However, he neither admits nor denies them and leaves the Plaintiffs to their proof thereof.

9. From South Shore's Receiver's review of the books and records of South Shore upon his appointment as Receiver, he reasonably believes the allegations contained in Paragraph 9 of the Plaintiffs' Complaint to be true. However, he neither admits nor denies them and leaves the Plaintiffs to their proof thereof.

10. From South Shore's Receiver's review of the books and records of South Shore upon his appointment as Receiver, he reasonably believes the allegations contained in Paragraph 10 of the Plaintiffs' Complaint to be true. However, he neither admits nor denies them and leaves the Plaintiffs to their proof thereof.

11. From South Shore's Receiver's review of the books and records of South Shore upon his appointment as Receiver, he reasonably believes the allegations contained in Paragraph

11 of the Plaintiffs' Complaint to be true. However, he neither admits nor denies them and leaves the Plaintiffs to their proof thereof.

12. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Plaintiffs' Complaint. The Receiver has not made any determination or recommendation as to the claim(s) described by the Plaintiffs therein.

16. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 of the Plaintiffs' Complaint. The Receiver has not made any determination or recommendation as to the claim(s) described by the Plaintiffs therein. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

18. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18 of the Plaintiffs' Complaint. The

Receiver has not made any determination or recommendation as to the claim(s) described by the Plaintiffs therein. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

19. South Shore's Receiver is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 of the Plaintiffs' Complaint. The Receiver has not made any determination or recommendation as to the claim(s) described by the Plaintiffs therein. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

**Count I – Declaratory Judgment**

20. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 19 of the Plaintiffs' Complaint, as if each was separately set forth herein.

21. The allegations contained in Paragraph 21 of the Plaintiffs' Complaint set forth legal conclusions, to which no response is required.

22. The allegations contained in Paragraph 22 of the Plaintiffs' Complaint set forth legal conclusions, to which no response is required.

WHEREFORE, South Shore's Receiver requests that, to the extent that Count I asserts any claims or causes of action against South Shore in Receivership, this Court enter judgment in favor of South Shore in Receivership on Count I of the Plaintiffs' Complaint. Furthermore, to the extent that Count I seeks relief against any of the other Defendants on behalf of South Shore

in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate. Finally, South Shore's Receiver requests an award of his fees and costs incurred in defending this action and for such other and further relief as this Court deems just and appropriate.

**Count II – Breach of Contract**

23. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 22 of the Plaintiffs' Complaint, as if each was separately set forth herein.

24. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required.

25. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of the Plaintiffs' Complaint.

27. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 of the Plaintiffs' Complaint.

28. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

WHEREFORE, South Shore's Receiver states that Count II appears to make no claims against South Shore in Receivership. However, to the extent that Count II asserts any claims or causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count II of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action.

**Count III – Tortious Interference with Contract**

29. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 28 of the Plaintiffs' Complaint, as if each was separately set forth herein.

30. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 30 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

31. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this

Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

32. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

33. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

WHEREFORE, South Shore's Receiver states that Count III appears to make no claims against South Shore in Receivership. However, to the extent that Count III asserts any claims or causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count III of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action. Furthermore, to the extent that Count III seeks relief against any of the other Defendants on behalf of South Shore in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate.

**Count IV – Tortious Interference with Prospective Business Advantage**

34. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 33 of the Plaintiffs' Complaint, as if each was separately set forth herein.

35. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

36. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or

he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

37. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 37 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

38. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 38 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

WHEREFORE, South Shore's Receiver states that Count IV appears to make no claims against South Shore in Receivership. However, to the extent that Count IV asserts any claims or

causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count IV of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action. Furthermore, to the extent that Count IV seeks relief against any of the other Defendants on behalf of South Shore in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate.

**Count V – Bad Faith**

39. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 38 of the Plaintiffs' Complaint, as if each was separately set forth herein.

40. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required.

41. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required.

42. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they

exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

43. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 43 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

44. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 44 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

WHEREFORE, South Shore's Receiver states that Count V appears to make no claims against South Shore in Receivership. However, to the extent that Count V asserts any claims or causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count V of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action.

Furthermore, to the extent that Count V seeks relief against any of the other Defendants on behalf of South Shore in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate.

**[There is no Count VI in Plaintiffs' Complaint]**

**Count VII (sic) – Breach of Fiduciary Duty**

45. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 44 of the Plaintiffs' Complaint, as if each was separately set forth herein.

46. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required.

47. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 47 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

48. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in

Paragraph 48 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

WHEREFORE, South Shore's Receiver states that Count VII appears to make no claims against South Shore in Receivership. However, to the extent that Count VII asserts any claims or causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count VII of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action. Furthermore, to the extent that Count VII seeks relief against any of the other Defendants on behalf of South Shore in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate.

**Count VIII – Unfair and Deceptive Acts and Practices / M.G.L. ch. 93A, § 11**

49. South Shore's Receiver repeats and reavers his responses to Paragraphs 1 through 48 of the Plaintiffs' Complaint, as if each was separately set forth herein.

50. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 50 of the Plaintiffs' Complaint.

51. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this

Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

52. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 52 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

53. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 53 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

54. This Paragraph of the Plaintiffs' Complaint is not directed at South Shore in Receivership. To the extent that South Shore's Receiver is obligated to respond to this Paragraph, he states that it sets forth legal conclusions, to which no response is required and/or he lacks sufficient knowledge or information to either admit or deny the allegations contained in

Paragraph 54 of the Plaintiffs' Complaint. To the extent that the Plaintiffs are purportedly asserting claims on behalf of South Shore in this Paragraph, any such claims – to the extent they exist – are assets of the Receivership Estate that are not possessed by the Plaintiffs and that fall within the exclusive dominion and control of South Shore's Receiver as an officer of this Court.

WHEREFORE, South Shore's Receiver states that Count VIII appears to make no claims against South Shore in Receivership. However, to the extent that Count VIII asserts any claims or causes of action against South Shore in Receivership, South Shore's Receiver requests that this Court enter judgment in favor of South Shore in Receivership on Count VIII of the Plaintiffs' Complaint and award to it reasonable attorneys' fees and costs incurred in defending this action. Furthermore, to the extent that Count VIII seeks relief against any of the other Defendants on behalf of South Shore in Receivership, South Shore's Receiver requests a declaratory ruling from this Court that any such claims are actually owned by the Receiver and are properly assets of South Shore's Receivership Estate.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim against South Shore in Receivership upon which relief can be granted, in that South Shore in Receivership has no legal or contractual obligation to pay the Plaintiffs any amount of the loss or damage alleged.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to properly mitigate their damages.

THIRD AFFIRMATIVE DEFENSE

If the Plaintiffs are entitled to recover damages as alleged in their Complaint, such damages were caused by someone or by some entity for whose conduct South Shore in Receivership was not and is not legally responsible.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to bring any claims that are properly claims and causes of action owned by South Shore in Receivership. To the extent that South Shore suffered any damages as alleged by the Plaintiffs, it is South Shore in Receivership that is the party aggrieved by such acts or omissions – not the Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE

To the extent that all or some of the Plaintiffs' claims state shareholder derivative causes of action against any of the Defendants, those claims and counts should be dismissed under Super. Ct. R. Civ. P. 23.1, because the Plaintiffs' Complaint is not verified as required by Rule 23.1.

SIXTH AFFIRMATIVE DEFENSE

To the extent that all or some of the Plaintiffs' claims state shareholder derivative causes of action against any of the Defendants, those claims and counts should be dismissed under Super. Ct. R. Civ. P. 23.1, because the Plaintiffs have failed to state with particularity the efforts they have made to obtain redress from South Shore's board of directors, other shareholders (if any), Receiver or other comparable authority as required by Rule 23.1.

SEVENTH AFFIRMATIVE DEFENSE

Count III of the Plaintiffs' Complaint must be dismissed, as the Plaintiffs lack standing to bring claims for tortious interference of any contract by and between South Shore and any other entity or person.

EIGHTH AFFIRMATIVE DEFENSE

Count IV of the Plaintiffs' Complaint must be dismissed, as the Plaintiffs lack standing to bring claims for tortious interference of any advantageous business relations enjoyed by and between South Shore and any other entity or person.

SOUTH SHORE UTILITIES CONTRACTORS IN RECEIVERSHIP, by and through its duly appointed PERMANENT RECEIVER, Jonathan N. Savage, Esq., as Receiver and not individually

By the Receiver's Attorneys

/s/ Randall L. Souza
Randall L. Souza (#4082)
rsouza@shslawfirm.com
Stephen F. DelSesto (#6336)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: September 6, 2006

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY*, that a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was furnished via U.S. Mail, postage pre-paid to the following counsel of record on this 6th day of September, 2006, as none of the counsel of record appears to be registered participants identified on NEF.

Christopher M. Mulhearn, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Joseph DeAngelis, Esq.
TILLINGHAST LICHT, LLP
10 Weybosset Street
Providence, RI 02903

Kevin C. Cain, Esq.
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110

/s/ Randall L. Souza