UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY F. ROSCITI, JR.; and<br>SHANNON B. ROSCITI,<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP;<br>SOUTH SHORE UTILITY CONTRACTORS, INC.,<br>by and through its duly appointed Permanent<br>Receiver, Jonathan N. Savage, Esq.; HENRY V.<br>ROSCITI; and A.H.R. UTILITY CORPORATION,<br>Defendants. | **C.A. No. 06-392T**<br><br>(removed from Providence County, RI Superior Court, where it was pending as C. A. No. PB06-4021) |

**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR REMAND FILED BY DEFENDANT SOUTH SHORE UTILITY CONTRACTORS, INC. IN RECEIVERSHIP, BY AND THROUGH ITS DULY APPOINTED PERMANENT RECEIVER, JONATHAN N. SAVAGE, ESQ.**

Defendant South Shore Utility Contractors, Inc. in Receivership,[1] by and through Jonathan N. Savage, Esq., its duly appointed Permanent Receiver ("South Shore in Receivership"), hereby submits this Memorandum of Law in support of its Motion for Remand. As set forth herein, Defendant The Hanover Insurance Group ("Hanover") has removed this action to Federal Court, allegedly on grounds of diversity jurisdiction pursuant to 28 USC §1332.[2] However, there is not complete diversity of citizenship in

---

[1] South Shore Utility Contractors, Inc. was petitioned into receivership in the case of *Anthony Rosciti, Jr. v. South Shore Utility Contractors, Inc.*, pending in the Rhode Island State Superior Court in and for Providence County as C.A. No. PB06-2623. Jonathan N. Savage, Esq. was appointed as Temporary Receiver of South Shore Utility Contractors, Inc. on or about May 12, 2006, and thereafter as Permanent Receiver on or about June 5, 2006, by Orders of the Providence County Superior Court that were entered by Associate Justice Michael A. Silverstein. The receivership proceeding is still open and pending.

[2] Even though Hanover has premised its removal on diversity jurisdiction, it failed to secure the unanimous consent to removal of the other Defendants to this action in contravention of 28 USC §1446. *See e.g., Callahan v. Callahan*, 247 F.Supp.2d 935, 940 (S.D. Ohio, 2002)(all defendants who have been served or otherwise properly joined in the action must either join in the removal or file written consent to removal).

this action, inasmuch as the Plaintiffs are Rhode Island residents and all of the Defendants other than Hanover are also Rhode Island residents. Thus, this action must be remanded under 28 USC §1447 to the Rhode Island State Superior Court, where it was formerly venued, for lack of subject matter jurisdiction arising from a lack of complete diversity of the defendants.

## I. INTRODUCTION

The Plaintiffs, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Plaintiffs"), originally filed this suit in Rhode Island Superior Court in and for Providence County against Defendants Hanover, South Shore in Receivership, Henry V. Rosciti ("Rosciti"), and A.H.R. Utility Corporation ("A.H.R."). Count I of the Plaintiffs' Complaint seeks a declaratory judgment as to all of the named parties' duties, responsibilities and obligations relative to certain surety bonds entered into by and between South Shore (prior to its receivership) and Hanover, as well as relative to certain indemnity agreements entered into by and between the Plaintiffs and Hanover. The remaining counts of the Plaintiffs' Complaint appear to contain contract-based, tort-based and statutory causes of action for damages against Defendant Hanover only. According to the Complaint, and to the best of the Receiver's knowledge and information developed through his administration of the South Shore Receivership Estate, the Plaintiffs are individuals residing in Rhode Island; Defendant Rosciti is an individual residing in Rhode Island; and Defendant A.H.R. is a Rhode Island corporation with its principal

---

South Shore in Receivership was not asked to consent to Hanover's proffered removal and did not give its consent to any such removal.

place of business in Rhode Island. Indeed, the only party in the entire case who is not a citizen of Rhode Island is Hanover, which apparently is a citizen of Massachusetts for diversity purposes.

On or about September 1, 2006, Defendant Hanover filed a Notice of Removal in this Court, based upon diversity jurisdiction. In its Notice of Removal, Hanover asserts that all of its Co-Defendants, including South Shore in Receivership, "should be disregarded as either nominal or fraudulently joined parties when considering compliance by Hanover in its removal notice…" *See* Notice of Removal, at pgs. 5-6. Thus, Hanover posits that, despite the Rhode Island citizenry of all of its Co-Defendants and the Plaintiffs, this case is nonetheless within the original diversity jurisdiction of this Court and, hence, properly removable. South Shore in Receivership disputes Hanover's premise and urges this Court to remand the case.

## II. FEDERAL DIVERSITY JURISDICTION AND THE STANDARD FOR REMOVAL

28 USC §1332 provides that the Federal courts have original subject matter jurisdiction over cases where the matter in controversy: (1) exceeds $75,000; and (2) is contested between citizens of different states. For jurisdiction to originate under this statute, each plaintiff must be diverse from each defendant, and "the presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2617 (U.S. 2005). Complete diversity must also exist for a case to be removed from state to federal court under 28 USC §§1441 and 1446. Under 28 USC §1441(a), any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. When a defendant seeks to remove a case from State court to Federal court based upon diversity jurisdiction, all defendants must consent to such removal. This is known in federal court jurisprudence as the "rule of unanimity." *See e.g.*, *Callahan v. Callahan*, 247 F.Supp.2d 935, 940 (S.D. Ohio, 2002)(all defendants who have been served or otherwise properly joined in the action must either join in the removal or file written consent to removal).

When there is a question as to whether federal jurisdiction is proper, "removal statutes are strictly construed against removal. Generally all doubts are resolved in favor of remand." *Nogueras-Cartangena v. Rossello-Gonzalez*, 182 F.R.D. 380, 383-384; 1998 U.S. Dist. LEXIS 16237 (D.P.R. 1998) citing *Shamrock Oil and Gas Corp v. Sheets*, 313 U.S. 100, 85 L.Ed. 1214, 61 S.Ct. 868 (1941). The First Circuit has ruled that there are "three basic exceptions to [the rule of unanimity] … in a diversity case: (i) nominal or formal parties are not required to join in the removal petition, (ii) defendants who have not yet been served with process at the time of the petition for removal are not required to conjoin, and (iii) distinct and independent claims or causes of action may be separately removable…." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1200 (D.R.I. 1986).[3] (internal citations omitted).

---

[3] As all of the Defendants had been served with process at the time of Hanover's Notice of Removal, Hanover is apparently relying on the first exception to the general rule.

## III ARGUMENT – DECLARATORY JUDGMENT AND PROPER JOINDER OF PARTIES

Like Hanover, South Shore is a named Defendant in this action. Count I of the Plaintiffs' Complaint seeks a declaratory judgment under R.I. Gen. Laws §§9-30-1 *et seq.* and R.I. Super. R. Civ. P. 19.[4] R.I. Gen. Laws §9-30-11 provides that "[when] declaratory relief is sought, **all persons shall be made parties who have or claim any interest** which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." (emphasis added).

Similarly, R.I. Super. R. Civ. P. 19(a) provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) ...impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest.

R.I. Super. R. Civ. P. 19(b) draws a distinction between "necessary" and "indispensable" parties. Indispensable parties are parties whose "interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon..." *Anderson v. Anderson*, 109 R.I. 204, 215, 283 A.3d 265, 271 (1971). "Conversely, if a judgment can be rendered affirmatively affecting the rights of the parties before the court without prejudicing the rights of interested parties who are not before the court, then such other parties may be defined as necessary rather than indispensable parties." *Burnham v.*

[4] Rhode Island Superior Court Rule of Civil Procedure 19 is substantially similar to its Federal counterpart governing joinder of parties – F.R.C.P. 19.

*Washington Trust Co.*, 446 A.2d 769, 773 (R.I. 1982) citing *Doreck v. Roderiques*, 120 R.I. 175, 179-80, 385 A.2d 1062, 1064-65 (1978).

In the instant case, the Plaintiffs are the former principals of South Shore, who have executed multi-million dollar personal indemnity agreements in favor of Hanover relative to surety bonds issued by Hanover to South Shore, and have now sought a judicial determination as to all of the named parties' duties, responsibilities and obligations relative to the surety bonds and the indemnity agreements. As the subject surety bonds are contracts between South Shore in Receivership and Hanover, South Shore in Receivership is a necessary and/or indispensable party to any such declaratory judgment action. South Shore in Receivership certainly has an "interest relating to the subject of the action" and would be prejudiced by a judicial determination of this matter without its participation. Furthermore, the Plaintiffs have asserted claims against Hanover directly that may properly be shareholder derivative claims under R.I. Super. R. Civ. P. 23.1 (the Rhode Island equivalent to F.R.C.P. 23.1). As such, South Shore in Receivership possesses ownership rights in many of the claims that are the subject of this action. South Shore in Receivership needs to protect its interests in those claims, which are assets of the receivership estate that would normally be handled through an ancillary action to the receivership proceeding venued in State court. Indeed, South Shore's Receiver has been investigating the merits and grounds of such potential claims against Hanover on behalf of the Receivership Estate.

Moreover, prior to Hanover's removal of this action, this case had been consolidated for procedural and discovery purposes with the receivership action by Order of the Rhode Island State Court (Silverstein, J.). The reason for doing so was to promote

judicial economy and to handle any potential claims belonging to South Shore's Receiver against Hanover, or belonging to the Receiver against the Plaintiffs (for potential fraudulent transfers and preferences to Hanover occurring shortly prior to the filing of the receivership petition), in the same forum as where the receivership of South Shore was being administered. If this case remains venued in this Court, South Shore in Receivership will likely be forced to assert cross-claims against Hanover and counterclaims against the Plaintiffs in this forum, when such disputes should properly be ancillary to the State court receivership proceeding that had been commenced several months prior to this suit and which remains active and pending.

If this action is not remanded, then there will likely be piecemeal litigation taking place in two different forums with the attendant extra costs and risks of inconsistent rulings. All of the parties are at substantial risk of inconsistent and/or duplicative rulings as to the parties' rights, duties and obligations under the subject surety bonds and indemnity agreements, if these matters are litigated separately in State and Federal court. For instance, this Court could conceivably find that Hanover breached its surety bonds with South Shore, and, therefore, the Plaintiffs are relieved of any liability to Hanover under their personal indemnity agreements. Meanwhile, the State court in the receivership proceeding (or in an ancillary action venued there) could conceivably find that Hanover did <u>not</u> breach its agreements with South Shore, thereby leaving the indemnitors (the Plaintiffs in this action) liable to Hanover for any liabilities Hanover incurred in performing under the surety bonds. These two rulings would be entirely inconsistent. Both the Federal and State versions of Rule 19 militate against such a result.

Hanover contends that South Shore in Receivership and the other Co-Defendants were "fraudulently joined" in this action for the sole purpose of avoiding federal diversity jurisdiction, and as such, Hanover is entitled to remove the case to this Court on diversity grounds. The removing party has the burden of proving "fraudulent joinder." *See Lawrence Builders, Inc. v. Kolodner*, 414 F. Supp. 2d 134 (D.R.I. 2006). The standard in this District for determining fraudulent joinder is that it applies in two situations: "(1) [when] there has been an outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) [where] there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Id.* at 137 quoting *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 66 (D.R.I. 2002). As it does not appear that Hanover is alleging that the Plaintiffs' Complaint implicates the first prong of the test for fraudulent joinder, this Court should focus its analysis on the second prong of the test. The inclusion of South Shore as a party defendant in this case has a reasonable basis in law and fact. The judicial determination of the parties' rights, duties and obligations under the subject surety bonds and indemnity agreements will directly affect the result as to the Plaintiffs' other causes of action.

Accordingly, this Court should determine that South Shore in Receivership is a necessary party to this action, which was properly named and joined to this suit and that South Shore in Receivership has a real and legitimate interest in these proceedings. When this Court then applies to that factual scenario the general rule that the removal statute must be strictly construed against removal, it should appropriately find that complete diversity is required but lacking in this action. Therefore, the subject case

should be remanded to the Rhode Island Superior Court for lack of subject matter jurisdiction.

## IV CONCLUSION

For the reasons set forth above, Defendant South Shore in Receivership's Motion for Remand should be granted, and this action should be returned to the Rhode Island Superior Court in and for Providence County.

SOUTH SHORE UTILITY CONTRACTORS, INC. IN RECEIVERSHIP, by and through its duly appointed Permanent Receiver, Jonathan N. Savage, Esq., as Receiver and not individually

By the Receiver's Attorneys,

/s/ Randall L. Souza
Randall L. Souza (#4082)
rsouza@shslawfirm.com
Stephen F. DelSesto (#6336)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400

Dated: September 28, 2006

## CERTIFICATE OF SERVICE

I, Randall L. Souza, hereby certify that the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants listed below, as identified on the Notice of Electronic Filing (NEF), on this 29th day of September, 2006:

Christopher M. Mulhearn, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Joseph DeAngelis, Esq.
TILLINGHAST LICHT, LLP
10 Weybosset Street
Providence, RI 02903

Kevin C. Cain, Esq.
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110

/s/ Randall L. Souza______________