UNITED STATES DISICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY F. ROSCITI, JR; and
SHANNON B. ROSCITI,

Plaintiffs

vs. C.A. No.: 06-392/T

THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and AHR UTILITY CORPORATION,

Defendants

Plaintiffs, Anthony F. Rosciti, Jr. & Shannon B. Rosciti's
Memorandum in Support of Motion to Remand

NOW COME Plaintiffs, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), by and through counsel, pursuant to 28 U.S.C. §1447, and hereby submit the within memorandum in support of their accompanying motion to remand the above-entitled action to the Rhode Island Superior Court for Providence County forthwith.

Pertinent Facts

In or about 2005, Defendant, The Hanover Insurance Group ("Hanover") furnished performance and payment bonds on behalf of its principal, Defendant, South Shore Utility Contractors, Inc. ("South Shore"), naming Earth Tech and O. Ahlborg and Sons, Inc. (collectively, "Earth Tech") as obligees for a project known as the Pawtucket Water Treatment Facility (the "Pawtucket Project") in the total amount of Five Million Six Hundred Sixteen Thousand Thirty Dollars and 00/100 ($5,616,030.00) (the "Pawtucket Project Bonds").

Additionally, at or about that same time, Hanover furnished payment and performance bonds on behalf of its principal, South Shore, naming the Amtrak-National Railroad Passenger Corporation ("Amtrak") as obligee for a project known as the Freight Rail Improvement Project, twenty-four (24) inch water main relocation in Providence, Rhode Island (the "Amtrak Project") in the amount of Three Hundred Sixty-Five Thousand Nine Hundred Dollars and 00/100 ($365,900.00) (the "Amtrak Project Bonds").

Thereafter, in or about May, 2005, South Shore, the Roscitis, and Defendants, Henry Rosciti ("Henry Rosciti") AHR Utility Corporation ("AHR"), and each of them, executed an Agreement of Indemnity (the "Agreement") in favor of Hanover relative to the Pawtucket Project Bonds and the Amtrak Project Bonds, respectively.

Subsequent to the commencement of the Pawtucket Project and Amtrak Project, respectively, and during South Shore's discharge of its scope of work in connection with these projects, South Shore had disputes with two (2) of its subcontractors regarding payment. One of the disputes involving the Pawtucket Project related to measurement and payment terms in a subcontract (the "Pawtucket Dispute"). South Shore ultimately resolved the Pawtucket Dispute.

The other dispute involved the Amtrak Project, wherein a subcontractor was applying payments on the Amtrak Project and other "bonded" work to only outstanding requisitions on "non-bonded" projects, thus, creating an inflated receivable on the Amtrak Project (the "Amtrak Dispute"). South Shore's records supported its position with regard to the Amtrak Dispute.

Hanover had knowledge that South Shore had settled the Pawtucket Dispute and that South Shore's records supported South Shore's position relating to the Amtrak Dispute. Despite the settlement of the Pawtucket Dispute, and the good faith position of South Shore relative to the Amtrak Dispute, Hanover wrongfully, tortiously and in bad faith took it upon itself to communicate directly with the owners of both the Pawtucket Project and the Amtrak Project, respectively, and instructed the owners not to make any further payments to the South Shore.

Accordingly, with all income from the Pawtucket Project and Amtrak Project, respectively, cut-off, South Shore no longer had the ability to conduct an otherwise successful business. South Shore's principal was able to secure a take-over arrangement that will ensure the completion of the Pawtucket and Amtrak Projects despite Hanover's action; however, South Shore had no ability to continue in its business.

As such, in or about May, 2006, South Shore was petitioned into a Rhode Island receivership proceeding in the Rhode Island Superior Court for Providence County, which said matter is more commonly known, and identified, as *Anthony F. Rosciti, Jr. v. South Shore Utility Contractors, Inc.*, P.M. No.: PB 06-2623 (the "Receivership Proceeding"). Jonathan N. Savage, Esq. (the "Receiver") is South Shore's duly appointed Permanent Receiver. Presently, South Shore's receivership proceeding is pending before Silverstein, J. on the Providence County Superior Court Business Calendar.

**Procedural History**

In or about June, 2006, Hanover initiated an action in this Court against the Roscitis, Henry Rosciti and AHR under the Agreement seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, which said matter is more commonly known, and identified, as *The Hanover Insurance Group v. Anthony F. Rosciti, Jr., et al.*, C.A. No.: 06-276/T (the "Federal Action"). However, notwithstanding that South Shore was a named indemnitor under the Agreement, and therefore a necessary party to any motion under the Agreement, Hanover intentionally omitted South Shore as a party defendant thereto.

In response to the Federal Action, on or about August 1, 2006, the Roscitis moved this Court for an order dismissing Hanover's Complaint, or, in the alternative, for an order staying the Federal Action pending the adjudication of the Roscitis' contemporaneously filed state court case[1]. Hanover has, however, filed an objection to the Roscitis' dispositive motion in the Federal Action. In addition, also on August 1st, the Roscitis filed a Complaint in the Providence County Superior Court commencing the

[1] This Court has yet to determine or otherwise take any formal action with respect to the Roscitis' motion to dismiss, or, in the alternative, motion to stay.

instant litigation against Hanover, South Shore, Henry Rosciti and AHR for declaratory judgment and other related relief (the "State Action").

Thereafter, on August 15, 2006, the Superior Court granted the Roscitis' motion to serve South Shore as a named party defendant in the State Action by and through its Receiver. Moreover, on August 23rd, Silverstein, J. granted the Roscitis' motion to consolidate the Receivership Proceeding with the State Action over Hanover's objection thereto. In doing so, the Superior Court impliedly determined these matters to sufficiently implicate common issues of law and/or fact, and that the principles of judicial economy and efficiency suggested that the Superior Court would be the best forum to adjudicate the substantially similar issues and/or claims to be advanced by the interested parties therein.

Subsequently, on or about August 31, 2006, Hanover filed its Notice of Removal (the "Notice"), pursuant to 28 U.S.C. §§ 1441 and 1446, respectively, thereby removing the State Action to this Court[2]. Accordingly, pursuant to 28 U.S.C. §1447, the Roscitis move this Court for an order remanding the State Action to the Providence County Superior Court.

**Argument**

1. **Removal is improper insofar as there is a lack of complete diversity**

It is well-settled that complete diversity must exist for a case to be removed from state to federal court under 28 U.S.C. §§ 1441 and 1446. However, complete diversity is not present in the instant action.

The Roscitis are residents of Rhode Island, as are South Shore, Henry Rosciti and AHR. Thus, the only party to the State Action purportedly not a Rhode Island resident is purportedly Hanover.

"[T]he presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2617 (2005). Accordingly, given that the Roscitis, and at least one named defendant are residents of Rhode Island,

---

[2] This Court should take note that in its Notice Hanover acknowledges, and admits, that South Shore, Henry Rosciti and AHR are all residents of Rhode Island, and, further, that none of them consented to the removal of the State Action.

there is a lack of complete diversity. As such, the State Action must be remanded to the Providence County Superior Court.

2. <u>South Shore, Henry Rosciti and/or AHR are not nominal parties to the State Action</u>

It is a well-established general principle, settled by precedents interpreting 28 U.S.C. §1441, that *all* defendants must consent in order to remove a case to federal court.[3] *See, for example, Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 21 (D. Mass 1988); 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, §3731, at 504-508 (2d ed. 1985). However, a well-settled exception to that general rule applies to nominal, formal, and/or improperly joined defendants, whose failure to join removal will not defeat federal jurisdiction. *Id.*

In the instant case, it is beyond dispute that South Shore, Henry Rosciti and AHR did not consent to the filing of the Notice, or the removal of the State Action. In fact, the Receiver previously indicated to the Superior Court, prior to the filing of the Notice by Hanover, that he did not, and would not, consent to any such removal. The Receiver's position in this regard was further evidenced by his support for the Roscitis' motion to consolidate the Receivership Proceeding with the State Action, which was granted by Silverstein, J. on August 23rd. Thus, insofar as none of the defendants have consented to removal, the State Action must be remanded to the Providence County Superior Court, unless Hanover can establish that South Shore, Henry Rosciti and AHR are nominal parties.

In its Notice, Hanover argues that South Shore, Henry Rosciti and AHR are, in fact, "nominal" parties to the instant action. In support of its position Hanover relies upon the fact that South Shore, Henry Rosciti and AHR were originally identified by the Roscitis in the Complaint in this matter as being "nominal" defendants as Hanover suggests. *See, generally, Blasberg v. Oxbow Power Corp.*, 934 F. Supp. 21, 23 (D. Mass. 1996). (The Court should take notice that because South Shore is in a pending receivership proceeding the

[3] *See, for example, Callahan v. Callahan*, 247 F. Supp. 2d 935, 940 (S.D. Ohio 2002) (all defendants who have been served or otherwise properly joined in the action must either join in the removal or file written consent for removal).

Roscitis could not take legal action on its behalf; however, South Shore is a necessary and indispensable party to the State Action.)

It is well-settled that "[A] party is 'nominal' when that party has little or no interest in the outcome of the litigation. *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D. N.Y.), aff'd, 101 F. 3d 888 (2nd Cir. 1996) (citations omitted). Several courts have held that the "test of whether or not a named defendant is a nominal party is if 'his role in the lawsuit is that of a depository or stakeholder....'". *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F. 2d 325 (5th Cir. 1970) (citations omitted); *Hewitt v. City of Stanton*, 798 F. 2d 1230 (9th Cir. 1986); *Birnbaum v. SL & B Optical Ctrs., Inc.*, 905 F. Supp. 267 (D. Md. 1995); *Sentry Marketing, Inc. v. Unisource Worldwide, Inc.*, 42 F. Supp. 2d 188 (N.D. N.Y. 1999).

"[T]he burden of proof remains on the party invoking federal court jurisdiction." *Roche v. Lincoln Property Co.*, 373 F. 3d 610, 616 (4th Cir. 2004). Thus, where a case is removed to federal court, as in the instant action, the burden of proving that all of the requirements for removal jurisdiction have been met falls on the removing party, *to wit*, Hanover. *See Griffin v. Holmes*, 843 F. Supp. 81, 84 (E.D. N.C. 1993) ("The burden of proving that removal is proper is on the defendants, who removed the case, not on the plaintiff, who made the motion to remand.").[4] As such, in order for Hanover's removal of the State Action to be proper, Hanover has the burden of establishing that South Shore, Henry Rosciti and AHR, and each of them, are truly nominal defendants. Hanover has not done so. Indeed, all Hanover has done is "parrot" the language of the Roscitis' Complaint. In order to properly remove the State Action it is incumbent upon Hanover to demonstrate that South Shore, Henry Rosciti and AHR have no interest in the outcome of this action, which Hanover is unable to do insofar as each of them are indemnitors under the Agreement, and their respective rights and/or obligations will necessarily and inextricably be affected by the outcome of the State Action.

---

[4] Generally, all doubts are resolved in favor of remand insofar as "removal statutes are strictly construed against removal." *Nagueras-Cartangera v. Rossello-Gonzalez*, 182 F.R.D. 380, 383-384, *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Even more, at or about the same time as Hanover filed its Notice, South Shore answered the Roscitis' State Action Complaint in the state court proceeding. In doing so, South Shore indicated that some or all of the Roscitis' claims against Hanover may be derivative in nature. Thus, if true, those claims would "belong" to South Shore, thereby clearly establishing South Shore as a party with a "stake" in the matter and more than just a "nominal" party. Further, in its "answer", South Shore pled that it is only South Shore that has the requisite standing to assert certain claims against Hanover for tortious interference with contractual relations and/or for tortious interference with advantageous business relations, which presumably it intends to do, by and through the Receiver. As such, again, the same would suggest that South Shore is not a "nominal" party. Finally, to the extent that South Shore has claims directly against Hanover *vis-à-vis* cross-claims in the State Action, the same evidences the fact that South Shore is a true "party in interest", and, thus, Hanover's removal was improper.

Accordingly, it appears that Hanover has failed to meet the jurisdictional requirements necessary in order to remove the State Action to this Court absent consent of *all* party defendants given that it cannot establish South Shore, Henry Rosciti and AHR as nominal defendants. Therefore, the instant matter must be remanded to the Providence County Superior Court.

**3. <u>Insofar as state law predominates the State Action must be remanded</u>**

R.I. Gen. Laws §7-1.2-1316(f) states, in relevant part:

> (f) The court appointing the receiver has exclusive jurisdiction of the corporation and its property, wherever situated, and of all questions arising in the proceedings concerning the property.

Further, 28 U.S.C. §1441(c) provides, in pertinent part, that the Court, "in its discretion, may remand all matters in which State law predominates."

It is beyond dispute that the Superior Court has exclusive jurisdiction over all matters related to the Receivership Proceeding, including the State Action. Indeed, Silverstein, J. found commonality of issues of fact and/or law between the two (2) matters when the Superior Court granted the Roscitis' motion to consolidate.

Insofar as state law predominates herein, particularly with respect to the Receivership Proceeding, which is still open and pending, removal is not appropriate in the instant matter. Moreover, given that South Shore and/or certain of its property interests, including its claims allowance and/or adjudication processes, will necessarily be impacted by the outcome of the State Action, this matter must be remanded to the Providence County Superior Court, which has exclusive jurisdiction over the same.

The Roscitis assertion in this regard is supported by well-settled case law, which specifically provides that in a receivership scenario, such as the instant circumstances, it is appropriate to remand the State Action to the Superior Court. *See, for example, Federal Deposit Ins. Corporation v. Citizens Bank of Niangua*, 130 F. 2d 102, 105-106 (8th Cir. 1942); *Federal Deposit Ins. Corporation v. George Howard*, 153, F. 2d 591, 595 (8th Cir. 1946); *Howard v. Roesch*, 1993 U.S. App. LEXIS 18379, *4 (9th Cir. 1993).

4. **Realignment of the parties is not appropriate in the instant matter**

Hanover correctly suggests in its Notice, and in general terms, that it is the duty of the federal courts "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (internal quotations omitted). The Court of Appeals for the Fourth Circuit has interpreted *Indianapolis* as "specifically requiring the district court to ascertain the 'collision of interests' from the 'principal purpose of the suit, and the primary and controlling matter in dispute' and to 'arrange the parties according to their sides in the dispute.'" *United States Fidelity & Guar. Co. v. A & S Mfg. Co.*, 48 F. 3d 131, 133 (4th Cir. 1995) (*quoting Indianapolis*, 314 U.S. at 69). "Application of the principal purpose test entails two steps. First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *Id.*

It is beyond dispute that the primary issue in the State Action is Hanover's conduct *vis-á-vis* the Pawtucket and Amtrack Projects, respectively, and the bonds relative to the same. Notwithstanding, the Roscitis and South Shore stand in different shoes with respect to potential competing claims against Hanover. Thus, realignment of the parties is not proper.

Further, in its answer filed in the State Action, South Shore prayed for, among other things, that certain of the Roscitis claims be denied and dismissed, thus, clearly taking a position inapposite to the Roscitis. As such, it is clear that there is a "collision of interests" by and between the Roscitis and South Shore, thereby defeating Hanover's "realignment" theory.

Further, simply because there may exist a partial mutuality of interests by and among the Roscitis, South Shore, Henry Rosciti and AHR that in and of itself does not justify realignment of the parties. *See, generally, Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 634 (D. Tex. 1985); *America Mut. Liability Inc. Co. v. Flintkote Co.*, 565 F. Supp. 843, 847 (S.D. N.Y. 1983); *Irving Trust Co. v. Century Export & Import*, S.A., 464 F. Supp. 1232, 1241 (S.D. N.Y. 1979). As such, this matter must be recorded to the Superior Court.

## Conclusion

WHEREFORE, for the foregoing reasons, the Roscitis respectfully pray that this Court grant its motion to remand the State Action to the Providence County Superior Court, that this Court enter an order, pursuant to 28 U.S.C. §1447, remanding the State Action to the Providence County Superior Court forthwith, that this Court award the Roscitis any and all attorneys' fees and costs incurred in the preparation and prosecution of their motion to remand, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn
W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Date: September 28, 2006

<u>Certification</u>

I hereby certify that on this 29th day of September, 2006, the foregoing was served upon **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@tllaw.com; **Jonathan N. Savage, Esq.**, via e-mail @ jsavage@shlawri.com; and **Randall L. Souza, Esq.**, via e-mail @ rsouza@shlawri.com.

/s/ Christopher M. Mulhearn