**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY F. ROSCITI, JR; and SHANNON B. ROSCITI,** | : | |
| **Plaintiffs** | : | |
| **vs.** | : | **C.A. No.: 06-392/T** |
| **THE HANOVER INSURANCE GROUP; SOUTH SHORE UTILITY CONTRACTORS, INC., by and through Jonathan N. Savage, Esq., duly appointed Permanent Receiver of South Shore Utility Contractors, Inc.; HENRY V. ROSCITI; and AHR UTILITY CORPORATION,** | : | |
| **Defendants** | : | |

**DEFENDANTS-IN-COUNTERCLAIM, ANTHONY F. ROSCITI, JR. & SHANNON B. ROSCITI'S ANSWER TO THE HANOVER INSURANCE GROUP'S COUNTERCLAIM**

NOW COME Defendants-in-Counterclaim, Anthony F. Rosciti, Jr. and Shannon B. Rosciti (collectively, the "Roscitis"), by and through counsel, and hereby answer or otherwise respond to the allegations and averments set forth in Plaintiff-in-Counterclaim, The Hanover Insurance Group's ("Hanover") Counterclaim in connection with the above-identified action as follows:

**PARTIES**

1. The Roscitis are without sufficient information or knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 1 of Hanover's Counterclaim, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 1, the Roscitis deny the same.
2. The Roscitis admit only that each of them are citizens of the State of Rhode Island. The Roscitis deny each and every remaining allegation and averment set forth in Paragraph 2 of Hanover's Counterclaim.

## JURISDICTION & VENUE

3. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 3 of Hanover's Counterclaim insofar as they state conclusions of law to which no response is required; however, to the extent an answer and response to said Paragraph 3 is required, the Roscitis deny the same.
4. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 4 of Hanover's Counterclaim insofar as they state conclusions of law to which no response is required; however, to the extent an answer and response to said Paragraph 4 is required, the Roscitis deny the same.

## FACTS COMMON TO ALL COUNTS

5. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 5 of Hanover's Counterclaim, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 5, the Roscitis deny the same.
6. The Roscitis admit only that Hanover provided certain surety bonds to South Shore Utility Contractors, Inc. ("South Shore"), as principal, relative to certain projects. The Roscitis deny each and every remaining allegation and averment set forth in Paragraph 6 of Hanover's Counterclaim.
7. The Roscitis admit only that they entered into an Agreement of Indemnity with Hanover. The Roscitis deny each and every remaining allegation and averment set forth in Paragraph 7 of Hanover's Counterclaim.
8. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 8 of Hanover's Counterclaim insofar as the terms and conditions of the Agreement of Indemnity speak for themselves. To the extent that an answer and response is required to the allegations and averments set forth in said Paragraph 8, the Roscitis deny the same.
9. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 9 of Hanover's

Counterclaim, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 9, the Roscitis deny the same.

10. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 10 of Hanover's Counterclaim insofar as the substance of any letter dated March 17, 2006, speaks for itself. To the extent that an answer and response is required to said Paragraph 10, the Roscitis deny the same.
11. The Roscitis are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 11 of Hanover's Counterclaim, and, as such, leave Hanover to its burden of proof thereon; however, to the extent that an answer and response is required to said Paragraph 11, the Roscitis deny the same.
12. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 12 of Hanover's Counterclaim insofar as the terms and conditions of any so-called Acknowledgement of Voluntary Default speak for themselves. To the extent that an answer and response is required to said Paragraph 12, the Roscitis deny the same.
13. The Roscitis admit only that in or about May, 2006, South Shore was petitioned into a Rhode Island Superior Court Receivership proceeding, which resulted, initially, in the appointment of Temporary Receiver, and, thereafter, the appointment of a Permanent Receiver of South Shore. The Roscitis deny each and every remaining allegation and averment set forth in Paragraph 13 of Hanover's Counterclaim.

**COUNT I**
**(BREACH OF CONTRACT)**

14. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 13 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.
15. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 15 of Hanover's Counterclaim insofar as the terms and conditions of the Agreement of Indemnity speak for themselves. To the extent that an answer and response

is required to the allegations and averments set forth in said Paragraph 15, the Roscitis deny the same.

16. The Roscitis deny the allegations and averments set forth in Paragraph 16 of Hanvoer's Counterclaim.
17. The Roscitis deny the allegations and averments set forth in Paragraph 17 of Hanover's Counterclaim.
18. The Roscitis deny the allegations and averments set forth in Paragraph 18 of Hanover's Counterclaim.

**COUNT II**
**(SPECIFIC PERFORMANCE)**

19. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 18 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.
20. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 20 of Hanover's Counterclaim insofar as the substance of any letter dated March 17, 2006, speaks for itself. To the extent that an answer or response to said Paragraph 20 is required, the Roscitis deny the same.
21. The Roscitis deny the allegations and averments set forth in Paragraph 21 of Hanover's Counterclaim.
22. The Roscitis deny the allegations and averments set forth in Paragraph 22 of Hanover's Counterclaim.

**COUNT III**
**(DECLARATORY JUDGMENT)**

23. The Roscitis restate and reallege their answers and responses to Paragraphs 1 through 22 above as if the same were stated more fully herein, and, further, incorporate the same herein by reference.
24. The Roscitis can neither admit nor deny the allegations and averments set forth in Paragraph 24 of Hanover's Counterclaim insofar as they state conclusions of law to which no response is required; however, to the extent that an answer and response to said Paragraph 24 is required, the Roscitis deny the same.

25. The Roscitis deny the allegations and averments set forth in Paragraph 25 of Hanover's Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Hanover's claims are precluded insofar as it has failed to state any claim(s) upon which relief may be granted.

### Second Affirmative Defense

Hanover's claims are precluded insofar as it has failed to name a necessary and indispensable party(s) as otherwise required by Rule 19 of the Federal Rules of Civil Procedure.

### Third Affirmative Defense

Hanover's claims are precluded by the doctrine of unclean hands.

### Fourth Affirmative Defense

Hanover's claims are precluded by the doctrine of estoppel.

### Fifth Affirmative Defense

Hanover's claims are precluded by the doctrine of waiver.

### Sixth Affirmative Defense

Hanover's claims are precluded by its own breach of contract, *to wit*, the Agreement of Indemnity.

### Seventh Affirmative Defense

Hanover's claims are precluded by its own misfeasance and/or malfeasance.

### Eighth Affirmative Defense

Hanover's claims are precluded by its own negligence.

### Ninth Affirmative Defense

Hanover's claims are precluded by its tortious interference with prospective business relations.

### Tenth Affirmative Defense

Hanover's claims are precluded by its tortious interference with contractual relations.

**Eleventh Affirmative Defense**

Hanover's claims are precluded by its own bad faith and unfair dealing relative to the Roscitis.

**Twelfth Affirmative Defense**

Hanover's claims are precluded by its breach of fiduciary duty(s) and/or obligation(s) owed to the Roscitis.

**Thirteenth Affirmative Defense**

Hanover's claims are precluded by its unfair and deceptive trade acts and/or practices in violation of Chapter 93A of the Massachusetts General Laws.

**Fourteenth Affirmative Defense**

The Roscitis reserve the right to amend the within answer and add such additional affirmative defenses as may become known during the course of the instant litigation, as may be necessary or appropriate.

WHEREFORE, the Roscitis respectfully pray that this Court dismiss, and deny, Hanover's Counterclaim, including any prayers for relief set forth therein, with prejudice, that this Court enter judgment in favor of the Roscitis, and each of them, and against Hanover, upon Hanover's Counterclaim, that this Court award to the Roscitis any and all costs and expenses incurred in the defense of Hanover's Counterclaim, including without limitation any and all attorneys fees, and that this Court award to the Roscitis such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr., & Shannon B. Rosciti

By their Attorneys,

/s/ Christopher M. Mulhearn

Christopher M. Mulhearn (#5188)
W. Mark Russo (#3937)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

## Jury Demand

Defendants-in-Counterclaim, Anthony F. Rosciti, Jr. and Shannon B. Rosciti, and each of them, hereby demand a trial by jury on all counts so triable.

## CERTIFICATION

I hereby certify that on this 17th day of January, 2007, the foregoing was served upon **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; **Joseph DeAngelis, Esq.**, via e-mail @ jdeangelis@tllaw.com; **Jonathan N. Savage, Esq.**, via e-mail @ jsavage@shlawri.com; and **Randall L. Souza, Esq.**, via e-mail @ rsouza@shlawri.com; **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com.

/s/ Jennifer Smith