**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP,<br>Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and A.H.R. UTILITY CORP.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.:06-276T |

**FIRST AMENDED ANSWER OF**
**HENRY V. ROSCITI AND A.H.R. UTILITY CORP.**

NOW COMES Defendants Henry V. Rosciti, Jr. (“Henry Rosciti”) and A.H.R. Utility Corp. (“AHR”) (collectively referred to for purposes of this answer as “Defendants”) and pursuant to the September 21, 2007 Order of this Honorable Court files their First Amended Answer Plaintiff’s Complaint as follows:

**PARTIES**

1. Paragraph 1 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 and leave Plaintiff to its proof thereof.

2. Paragraph 2 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without knowledge or information to form a belief as to the truth of the averments in Paragraph 2 and leave Plaintiff to its proof thereof.

3. Defendant Henry Rosciti admits to the allegations contained in Paragraph 3 of Plaintiff’s Complaint.

4. Paragraph 4 does not require an answer on behalf of Defendants Henry Rosciti and A.H.R. Utility Corp., but to the extent an answer may be required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 and leave Plaintiff to its proof thereof.

5. Defendant A.H.R. Utility Corporation ("AHR") admits that it was a duly organized corporation pursuant to the laws of the State of Rhode Island, but is no longer an active corporation.

**JURISDICTION AND VENUE**

6. Defendants deny the allegations in Paragraph 6 of Plaintiff's complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 and leave Plaintiff to its proof thereof.

**FACTS COMMON TO ALL COUNTS**

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and leave Plaintiff to its proof thereof.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and leave Plaintiff to its proof thereof.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 and leave Plaintiff to its proof thereof.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and leave Plaintiff to its proof thereof.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and leave Plaintiff to its proof thereof.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and leave Plaintiff to its proof thereof.

17. Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

**COUNT I**
**(BREACH OF CONTRACT)**

18. Defendants' responses to Paragraphs 1-17 are incorporated by reference as if fully set forth herein.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

WHEREFORE Defendants Henry Rosciti and A.H.R Utility Corp. pray this Honorable Court issue a judgment in their favor DENYING Plaintiff's prayer for judgment and award Defendants all costs incurred in their defense of this action, including but not limited to attorneys' fees, as the Court deems just and proper.

**COUNT II**
**(SPECIFIC PERFORMANCE)**

23. Defendants' responses to Paragraphs 1-22 are incorporated by reference as if fully set forth herein.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

WHEREFORE Defendants Henry Rosciti and A.H.R. Utility Corp. pray this Honorable Court issue a judgment in their favor DENYING Plaintiff's prayer for relief and award Defendants all costs incurred in defense of this action, including but not limited to attorneys' fees, as the Court deems just and proper.

**COUNT III**
**(DECLARATORY JUDGMENT)**

27. Defendants' responses to Paragraphs 1-27 are incorporated by reference as if fully set forth herein.

28. Paragraph 28 states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading may be required, Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE Defendants pray that this Honorable Court DENY the relief requested by Plaintiff in its complaint and render judgment in favor of Defendant together with an award of all costs incurred in defense of this action, including but not limited to attorneys' fees, as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendants Henry Rosciti and AHR reserve the right to assert any other affirmative

defenses as they may become known during the course of this instant action and hereby assert the following:

1. Hanover has failed to state any claim(s) upon which relief may be granted.

2. Hanover has failed to name a necessary and indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

3. Hanover's claims are barred by the doctrine of unclean hands.

4. Hanover's claims are barred by estoppel.

5. Hanover's claims are barred by its own breach of contract, to wit: the Agreement of Indemnity.

6. Hanover's claims are barred by its own misfeasance and/or malfeasance.

7. Hanover's claims are barred insofar that they were caused through its own negligence.

8. Hanover's claims are barred by its tortious interference with prospective business relations.

9. Hanover's claims are barred by its tortious interference with contractual relations.

10. Hanover's claims are barred by its own bad faith and unfair dealing.

11. Hanover's claims are barred by its breach of fiduciary duty and/or obligation.

12. Hanover's claims are barred by its unfair and deceptive acts and/or practices in violation of Chapter 93A of the Massachusetts General Laws.

WHEREFORE, Defendants Henry Rosciti and AHR Utility Corp. pray this Honorable Court deny all claims as alleged in the Plaintiff's Complaint with prejudice and render judgment in favor of Defendants Henry Rosciti and AHR together with any and all costs and/or expenses

incurred in the defense of Plaintiff's Complaint, including but not limited to all attorneys' fees, and that this Court award the Defendants any such additional relief as it may deem proper.

Respectfully Submitted,
DEFENDANTS HENRY V.ROSCITI, JR. AND A.H.R. UTILITY CORP.
By their Attorneys

/s/ Paul J. Moretti Sr.

Joseph DeAngelis (#1395)
Paul J. Moretti Sr. (# 7433)
TILLINGHAST LICHT LLP
Ten Weybosset Street
Providence, Rhode Island 02903
(401) 456-1257
(401) 456-1210 (fax)

**Certificate of Service**

I certify that all parties have consented that all papers required to be served may be served and filed electronically. I further certify that a copy of the Amended Answer was electronically served on August 22, 2007on the following parties:

Kevin C. Cain, Esq. - kcain@peabodyarnold.com
John P. Connelly, Esq. - jconnelly@peabodyarnold.com
Ronald Ritland, Esq. - rritland@peabodyarnold.com
Christopher Mulhearn, Esq. - cmulhearn@frlawri.com

and by First Class Mail to the following:

Jonathan Savage, Esq.
Schechtman, Halperin Savage, LLP
1080 Main St.
Pawtucket, RI 02860

/s/ Paul J. Moretti Sr.

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;451213;1