UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **THE HANOVER INSURANCE GROUP,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**ANTHONY F. ROSCITI, JR.; SHANNON B. ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,**<br><br>**Defendants** | : | **C.A. No.: 06-276/T** |

**ANTHONY F. ROSCITI, JR.'S MEMORANDUM IN SUPPORT OF OBJECTION TO THE HANOVER INSURANCE GROUP'S MOTION FOR ATTORNEYS' FEES**

NOW COMES Defendant, Anthony F. Rosciti, Jr. ("Rosciti"), by and through counsel, and hereby submits the within memorandum in support of his objection to Plaintiff, The Hanover Insurance Group's ("Hanover") motion for attorneys' fees in connection with the above-identified action.

In support of his accompanying objection, Rosciti states, and represents, as follows:

1. In or about May, 2007, Hanover did, in fact, direct certain discovery to Rosciti, *to wit*, a first set of interrogatories and request for production of documents. The same was served in advance of this Court's scheduling of a Pre-Trial Conference in this matter, which said conference was subsequently scheduled on July 25, 2007, and, further, occurred on August 22, 2007. Thus, no so-called "discovery deadline" was established in the present case until that time.

2. Subsequent to service of the above-referenced discovery, by agreement of the parties, the time within which Rosciti was required to answer Hanover's first set of interrogatories and respond to Hanover's request for production of documents, respectively, was enlarged beyond the time provided for in the applicable provisions of the Federal Rules of Civil Procedure.

3. Upon the expiration of the same, Rosciti moved the Court for a further enlargement of time within which to answer Hanover's first set of interrogatories and respond to Hanover's request for production of documents, respectively.

4. The basis of Rosciti's requests for enlargements of time was that it was necessary for Rosciti to access and review those documents and/or items in the custody, control and/or possession of the Superior Court-appointed Permanent Receiver of South Shore Utility Contractors, Inc. ("South Shore") in order to answer Hanover's first set of interrogatories. Moreover, it was necessary for Rosciti to do the same in order to assemble or compile those documents and/or items responsive to Hanover's request for production of documents.

5. The subject mater of Hanover's discovery related principally to two (2) construction projects on which South Shore was a contractor, and, which said projects, and certain alleged defaults thereunder, give rise to Hanover's claim herein and Rosciti's counterclaim. Thus, it was necessary for Rosciti

to obtain this information and/or materials from the Permanent Receiver, to whom Rosciti had previously turned over these materials.

6. Subsequently, Rosciti was successful in gathering those documents and/or items necessary to respond to Hanover's discovery. Moreover, Rosciti has answered Hanover's first set of interrogatories and responded to Hanover's request for production of documents, respectively, pursuant to this Court's November 6, 2007 order.

7. Rosciti is not currently in violation of, nor has he previously violated, any order(s) of this Court in the instant action.

8. Pursuant to this Court's Pre-Trial Order, discovery is this case is scheduled to conclude on January 15, 2008. As such, Hanover has not been prejudiced as a result of the delay encountered by Rosciti in accessing and/or reviewing those documents and/or items described above, which were necessary for Rosciti to respond to Hanover's discovery. Even more, as late as even date herewith, Hanover and Rosciti has conferred regarding discovery scheduling issues, and, upon doing so, determined that they would be jointly be moving this Court to extend the so-called "discovery deadline" for an additional sixty (60) days, or such other time as this Court may allow.

9. As further indicia that Hanover has not been prejudiced by the timing of Rosciti's discovery responses, only today, November 28, 2007, did Hanover make available for inspection and copying those documents and/or items

responsive to Rosciti's previously served and responded to request for production of documents directed to Hanover. (Hanover has scheduled an inspection of Rosciti's responsive documents and/or items for November 30, 2007, notwithstanding the Rosciti has previously made the same available to Hanover.) As such, the parties have essentially agreed to a contemporaneous exchange of information and/or materials relevant and pertinent to the subject matter of the instant action, which said exchange equates to the parties' mandatory initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure. (The mandatory initial disclosures did not previously occur in this matter even though certain information was previously available to Hanover, but not to Rosciti.)

10. Rosciti did not advance an opposition to Hanover's motion to compel insofar as there is no dispute that Hanover was entitled to the discovery sought, subject to appropriate objections once Rosciti obtained the responsive information and/or materials, and because Rosciti was in process of completing his access and/or review of the responsive documents and/or items as more fully described above. In doing so, Rosciti *did not* consent to Hanover's request for an award of attorneys' fees.

11. Rosciti submits that this Court should deny Hanover's motion for attorneys' fees, pursuant to Rules 37(a)(5)(A)(i) and (ii) of the Federal Rules of Civil Procedure, respectively, insofar as his delay in responding to Hanover's discovery for the reasons set forth herein was substantially

justified, and, further, because under the attendant circumstances an such award would be inherently unjust to Rosciti.

WHEREFORE, for the foregoing reasons, Rosciti respectfully prays that this Court deny, with prejudice, Hanover's motion for attorneys' fees, and, further, that this Court award to Rosciti such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr.

By his Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
cmulhearn@frlawri.com

Dated: November 28, 2007

## CERTIFICATION

I hereby certify that on this 28th day of November, 2007, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; and **Paul J. Moretti, Esq.**, via e-mail @ pmoretti@tllaw.com.

/s/ Christopher M. Mulhearn