UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP, Plaintiff | : | |
| vs. | : | C.A. No.: 06-276/T |
| ANTHONY F. ROSCITI, JR.; SHANNON B. ROSCITI; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION, Defendants | : | |

ANTHONY F. ROSCITI, JR.'S REPLY TO THE HANOVER INSURANCE GROUP'S RESPONSE TO ANTHONY F. ROSCITI, JR.'S MOTION FOR ATTORNEYS' FEES

NOW COMES Defendant, Anthony F. Rosciti, Jr. ("Rosciti"), by and through counsel, and hereby replies to Plaintiff, The Hanover Insurance Group's ("Hanover") response to Rosciti's objection to its motion for attorneys' fees in connection with the above-identified action.

Simply put, Rosciti's brief reply is intended to "correct" the record with respect to three (3) inaccurate assertions advanced by Hanover in its response to Rosciti's objection:

1. Shannon B. Rosciti has not filed an objection to Hanover's motion for attorneys' fees insofar as Hanover has *not* directed *any* discovery to her in the instant action. Thus, there is no relief sought as against Ms. Rosciti. As such, there is no motion to compel and/or for attorneys' fees relative to Ms. Rosciti for her to object to.

2. Hanover has not been prejudiced in any respect. Moreover, Hanover will not "likely be *forced* to ask the Court for [an] extension of this [discovery]

deadline" as a result of the purported delay in producing the responsive documents and/or items insofar as the parties have *already* verbally agreed to make a *joint* request the Court to enlarge the discovery period up to sixty (60) days, or such other time as the Court may allow. The parties, whether jointly or otherwise, have not previously requested any extensions of the discovery deadline in this matter. Accordingly, Hanover has not been *forced* to take any action with respect to the discovery deadline.

3. Hanover misleads the Court in stating that Rosciti "did not take advantage of the opportunity" to review the responsive documents and/or items produced by Hanover until November 28, 2007. Although Hanover did indicate that the "identified" documents and/or items were readily for inspection and copying in reality the same was simply not the case. On two (2) separate occasions prior to November 28th Rosciti scheduled a date and time for review and inspection of the documents and/or items only to have counsel for Hanover cancel the same within forty-eight (48) hours of the review session to occur. Indeed, November 28th the one of the next available dates provided to Rosciti by Hanover's counsel for any document review to occur. Thus, the fact that Rosciti did not inspect and copy the documents until November 28th was not by his own choice, but instead due to Hanover's counsel's scheduling issues.

WHEREFORE, for the foregoing reasons, Rosciti respectfully prays that this Court deny, with prejudice, Hanover's motion for attorneys' fees, and, further, that this Court award to Rosciti such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Anthony F. Rosciti, Jr.

By his Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
cmulhearn@frlawri.com

Dated: December 10, 2007

**CERTIFICATION**

I hereby certify that on this 11th day of December, 2007, the foregoing was served upon **Ronald E. Ritland, Esq.,** via e-mail @ rritland@peabodyarnold.com; **Kevin C. Cain, Esq.**, via e-mail @ kcain@peabodyarnold.com; and **Paul J. Moretti, Esq.**, via e-mail @ pmoretti@tllaw.com.

/s/ Christopher M. Mulhearn