UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE HANOVER INSURANCE GROUP,<br>Plaintiff,<br>v.<br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION,<br>Defendants. | CIVIL ACTION<br>NO. 1:06-cv-0276-T-LDA |

**PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS AND SECOND SET OF INTERROGATORIES TO DEFENDANTS ANTHONY F. ROSCITI, JR. and SHANNON B. ROSCITI**

Pursuant to Fed. R. Civ. P. 36 and Fed. R. Civ. P. 33, the plaintiff The Hanover Insurance Group ("Hanover"), hereby requests that the defendants Anthony F. Rosciti, Jr. and Shannon B. Rosciti ("Roscitis") answer under oath the following requests for admission and interrogatories.

DEFINITIONS AND INSTRUCTIONS

1. The term "identify" when used herein in reference to:

    1. a natural person, means to state his full name, title and present business or residential address, or, if unknown, his last known business, or, if unknown, his last known business or residential address, and his present or last known employer;

    2. an artificial person (e.g., corporation, partnership or business concern), means to state its full name and business address;

    3. a document, means to state the name and date of the document, the type of document (e.g., agreement, insurance policy, pension or retirement plan, letter, memorandum, report, note, etc.), the name and address of the person who prepared the document, the name and address of the person, if any, to whom the document was addressed, whether it is the original or a copy thereof (or, in the alternative, attach a true and complete copy thereof), and, if the plaintiff is not in possession, custody or control of the original or a copy, the name and address of the persons having possession,

custody or control of the original or a copy of the document, and the occasion and/or circumstances in which the document was prepared; and

4. an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion, demonstration or experiment), means to states the date and place of the act or event, identify each person present or taking part therein, state precisely what was said and/or done by each such person, including yourself, and describe in detail what transpired during the act or event.

2. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed or otherwise visually or orally reproduced materials, irrespective of whether they are copies of originals, and irrespective of whether they are within the possession, custody or control of the plaintiff The Hanover Insurance Group, and/or any employee, agent or attorney acting on its behalf, including, but not limited to: letters, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences, and interoffice and intraoffice communications of all types; insurance policies; pension plans; laboratory records or notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and worksheets; photographs, movies and recordings; books, catalogs and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes or reports of meetings of directors, officers or executive boards of committees; advertising or promotional literature and press releases; cancelled checks and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

3. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person and by telephone.

4. The term "Hanover" means the plaintiff The Hanover Insurance Group, and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

5. The term "Roscitis" means the defendants Anthony F. Rosciti, Jr., and Shannon B. Rosciti and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

6. The term "Indemnity Agreement" means the Agreement of Indemnity attached as Exhibit A to the Complaint which Hanover filed in this case.

7. The terms "refer to," "relate to," "reflect(ing)," "in connection with," with respect to," and any combination thereof, mean refer to and include referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting or constituting.

8. The phrase "Pawtucket Project" refers to the South Shore project commonly known as the Pawtucket Water Treatment Plant Storage Tank at 85 Branch Street, Pawtucket, Rhode Island. The phrase "Amtrak Project" refers to the South Shore project commonly known as the Freight Rail Improvement Project 24' Water Main Relocation, Providence, Rhode Island.

REQUEST FOR ADMISSIONS AND INTERROGATORIES

**Admission No. 1.**

With regard to paragraph 11 of the Counterclaim filed by the Roscitis, the "Pawtucket Dispute" refers to a claim submitted by G. Donaldson Construction Co., Inc. ("G. Donaldson") against South Shore Utility Contractors, Inc. ("South Shore") and Hanover, as surety, for nonpayment by South Shore to G. Donaldson for labor and material it had supplied South Shore on the Pawtucket Project.

**Interrogatory No. 1**

If the above request for admission is denied, please state the name of the claimant, the amount of the claim and the date the claim was made relating to this "Pawtucket Dispute."

**Admission No. 2.**

With regard to Paragraph 12 of the Counterclaim filed by the Roscitis, the Roscitis allegation that South Shore "resolved" the "Pawtucket Dispute" means that the South Shore promised to pay to G. Donaldson as set forth in the letter of South Shore's attorney dated March 22, 2006 and the proposed Judgment Stipulation, both of which are attached to these Requests and Interrogatories as Exhibit 1.

**Interrogatory No. 2**

If the request for admission is denied, please state in detail how South Shore resolved the "Pawtucket Dispute" including, but not limited to:

1. Details of all discussions by Rosciti, or either of them, and/or South Shore with G. Donaldson concerning resolution of the claim.

2. Terms and conditions of the Agreement between the parties that constituted its resolution.

3. Terms and conditions of payment by South Shore to G. Donaldson to resolve the claim.

4. Dates and amounts of all payments made to G. Donaldson by South Shore pursuant to the resolution of the claim.

**Admission No. 3.**

The document attached to these Requests and Interrogatories as Exhibit 2 represents a true and accurate copy of the Payment Request No. 2 in the amount of $814,185.00 for work Package 2 that South Shore submitted to the general contractor on the Pawtucket Project, Earth Tech, for work completed and incorporated on the Project by South Shore.

**Interrogatory No. 3**

If the above request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 4.**

The document attached to these Requests and Interrogatories as Exhibit 3 is a true and accurate copy of a check in the amount of $797,901.30 issued by Earth Tech to South Shore in payment of South Shore's Payment Request No. 2 (attached herein as Exhibit 2).

**Interrogatory No. 4**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 5.**

Pursuant to Pay Request No. 12 of South Shore on the Pawtucket Project, Earth Tech paid South Shore $694,650.00, less retainage, for work and/or materials which G. Donaldson supplied to South Shore on the Pawtucket Project.

**Interrogatory No. 5**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 6.**

Upon receipt of the payment referenced in Request for Admission No. 4, other than to make a payment of $100,000, South Shore did not in turn make any payments to G. Donaldson from these funds, or, if South Shore disputed the claim, did not escrow $530,000 in funds until the dispute was resolved.

**Interrogatory No. 6**

If the request for admission is denied, please set forth in detail all payments made by South Shore to G. Donaldson out of these funds, or detail by bank, account number, amount and date of deposit the funds that were escrowed.

**Admission No. 7.**

With regard to Paragraph 13 of the Counterclaim filed by the Roscitis, South Shore had no dispute on the "Amtrak Project" relating to application of payments or inflated receivables.

**Interrogatory No. 7**

If the request for admission is denied, please set forth in detail the "Amtrak Dispute", including the name of the claimant, the amount of the claim and the date the claim was submitted.

**Admission No. 8.**

Concerning the claim submitted by Vellano Brothers, Inc. ("Vellano Brothers") on the Pawtucket Project, Vellano Brothers submitted a claim of $755,725.01 to South Shore and Hanover pursuant to a letter from its attorney dated March 3, 2006.

**Interrogatory No. 8**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 9.**

Concerning the claim submitted by Vellano Brothers, although South Shore received payments from Earth Tech relating to materials supplied by Vellano Brothers to South Shore on the Pawtucket Project, South Shore failed or refused to make any payments to Vellano Brothers for materials supplied on this Project.

**Interrogatory No. 9**

If the request for admission is denied, please state in detail the basis for the denial and detail all payments made to Vellano Brothers on the Pawtucket Project, including check number, amount, date of check and numbers of all invoices paid.

**Admission No. 10.**

Under the terms of the Indemnity Agreement, attached to the Hanover Complaint as Exhibit A, and in response to receipt of claims by Hanover from Vellano Brothers and G. Donaldson totaling approximately $1.3 million, the Roscitis had a duty to post collateral in response to Hanover's demand dated March 15, 2006 (attached to Hanover's Complaint as Exhibit B).

**Interrogatory No. 10**

If the request for admission is denied, please set forth in detail the basis for the denial, including the identity of all documents, communications, and materials supporting this denial.

**Admission No. 11.**

Despite the provisions of the Indemnity Agreement and demand by Hanover dated March 15, 2006, the Roscitis failed and/or refused to post collateral in favor of Hanover.

**Interrogatory No. 11**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 12.**

The Indemnity Agreement provides Hanover an assignment to all bonded contract funds upon default of any or all of the indemnitors of the Indemnity Agreement.

**Interrogatory No. 12**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 13.**

The failure of the Roscitis to post collateral and/or otherwise indemnify Hanover constituted their default of the Indemnity Agreement.

**Interrogatory No. 13**

If the request for admission is denied, please set forth in detail the basis for any denial, including why the Roscitis signed a letter dated April 15, 2007 acknowledging their default, which letter is attached as Exhibit C to Hanover's Complaint in this matter.

**Admission No. 14.**

In resolving claims under the payment and performance bonds that Hanover provided South Shore on the Pawtucket and Amtrak Projects, Hanover did not engage in fraud or collusion with any of the owners or obligees of these respective Projects.

**Interrogatory No. 14**

If the request for admission is denied, please set forth in detail any and all facts supporting the claim that Hanover engaged in fraud or collusion with any of the owners or obligees in resolving the claims under the performance and payment bonds which Hanover issued on the Pawtucket and Amtrak Projects.

THE HANOVER INSURANCE GROUP,

By its attorneys,

Ronald E. Ritland, Esq. (*pro hac vice*)
Kevin C. Cain, Esq. (#3960)
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951-2011

DATED: December 11, 2007

**CERTIFICATE OF SERVICE**

I, Ronald E. Ritland, hereby certify that on this 11th day of December, 2007, I served Plaintiff's First Set of Request for Admissions and Second Set of Interrogatories to Defendants Anthony F. Rosciti, Jr., and Shannon B. Rosciti via first class mail, postage prepaid upon:

Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

Ronald E. Ritland

672767_1
2114-92646

*Joseph P. Ferrucci*
*jferrucci@frlawri.com*

March 22, 2006

***Via facsimile***

Girard R. Visconti, Esq.
Visconti & Boren
55 Dorrance Street
Providence, RI 02903-2219

***RE:*** ***South Shore Utility Contractors, Inc./Donaldson***

Dear Gerry:

In follow-up to our telephone discussions today, this will confirm that South Shore Utility Contractors, Inc. agrees to your settlement proposal wherein it will pay the sum of approximately $536,000.00 less at this time retainage of 10% of the invoiced amount plus interest of approximately $36,000.00 through February, 2006 as follows:

1. $100,000.00 upon execution of formal settlement documentation including an appropriate judgment stipulation signed by both defendants;
2. $100,000.00 thirty (30) days thereafter;
3. The balance thirty (30) days thereafter; and
4. The retainage amount shall be paid in full upon the earlier of receipt thereof by South Shore Utility Contractors or six (6) months from the date of judgment stipulation.

Thank you and your client for your efforts in achieving a settlement of this matter.

Very truly yours,

JOSEPH P. FERRUCCI

JPF/was
cc: Andrew Daniels *(via facsimile)*

**Exhibit 1**

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

G. DONALDSON CONSTRUCTION CO., INC.

vs.

C.A. NO.: 05-5623

SOUTH SHORE UTILITY CONTRACTORS, INC. and THE HANOVER INSURANCE COMPANY

## JUDGMENT STIPULATION

Judgment is hereby entered in favor of the plaintiff, G. Donaldson Construction Co., Inc., against defendants, South Shore Utility Contractors, Inc. and The Hanover Insurance Company in the sum of $536,000.00, plus interest of $36,000.00, for a total judgment of $572,000.00 payable as follows

1. $100,000.00 upon signature of all parties herein;
2. $100,000.00 on or before April 24, 2006;
3. The balance of $372,000.00 payable on or before May 24, 2006;
4. Any retainage, not exceeding $63,600.00, that is included in the balance as noted in Paragraph 3 of this stipulation, shall be paid in full upon the earlier receipt thereof by South Shore Utility Contractors, or not later than September 22, 2006; and
5. If any defendant fails to pay the amounts noted in Paragraphs 1 through 3 within three (3) business days of the due date, any and all balances in this Judgment Stipulation shall become immediately due together with accrued interest.

Plaintiff
G. Donaldson Construction Co., Inc.
By its Attorneys

Girard R. Visconti, Esquire #0566
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 fax

Defendant
South Shore Utility Contractors, Inc.
By its Attorneys

David D. Barricelli #4763
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600

Defendant
The Hanover Insurance Company
By its Attorneys

Robert J. O'Keefe #6750
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Date:

# APPLICATION AND CERTIFICATION FOR PAYMENT

AIA DOCUMENT G702 PAGE ONE OF 1 PAGES 2

TO OWNER:
Earth Tech, Inc.
Field Office 85 Branch Street
Pawtucket, RI 02860

PROJECT: Pawtucket Water Treatment Facility
PACKAGE NO. 2
SSU# 4275

APPLICATION NO: 2

PERIOD TO: 07/29/05

PROJECT NOS:

CONTRACT DATE:

Distribution to:
- [x] OWNER
- [ ] ENGINEER
- [ ] CONTRACTOR

FROM CONTRACTOR:
South Shore Utility Contractors, Inc.
P.O. Box 19610
Johnston, RI 02919
CONTRACT FOR:

COST CODE: 69993.52.01.02220 # 210,000
69993.52.01.02360 - 694,000

received 7/25/05

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract. Continuation Sheet, AIA Document G703, is attached.

1. ORIGINAL CONTRACT SUM $ 1,358,813.00
2. CHANGE ORDERS $ 0.00
3. CONTRACT SUM TO DATE (Line 1 ± 2) $ 1,358,813.00
4. TOTAL COMPLETED & STORED TO DATE (Column G on G703) $ 1,175,050.00
5. RETAINAGE:
   a. 10 % of Completed Work (Column D + E on G703) $ 117,505.00
   b. ____ % of Stored Material (Column F on G703) $
   Total Retainage (Lines 5a + 5b or Total in Column I of G703) $ 117,505.00
6. TOTAL EARNED LESS RETAINAGE (Line 4 Less Line 5 Total) $ 1,057,545.00
7. LESS PREVIOUS CERTIFICATES FOR PAYMENT (Line 6 from prior Certificate) $ 243,360.00
8. CURRENT PAYMENT DUE $ 814,185.00
9. BALANCE TO FINISH, INCLUDING RETAINAGE (Line 3 less Line 6) $ 301,268.00

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner | | |
| Total approved this Month | | |
| TOTALS | $0.00 | $0.00 |
| NET CHANGES by Change Order | $0.00 | |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

CONTRACTOR:
South Shore Utility Contractors, Inc.

By: Regina Vitoletto Date: July 29, 2005

State of: RHODE ISLAND County of: PROVIDENCE
Subscribed and sworn to before me this 29TH day of JULY
Notary Public: [signature]
My Commission expires: 2-14-07

## ENGINEER'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED ........ $ 814,185 00/100

*(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)*

ENGINEER

By: [signature] Date: 07/26/05

This Certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

AIA DOCUMENT G702 · APPLICATION AND CERTIFICATION FOR PAYMENT · 1992 EDITION · AIA® · © 1992 THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, DC 20006-5292
Users may obtain validation of this document by requesting a completed AIA Document D401 - Certification of Document's Authenticity from the Licensee.

Exhibit 2

# AIA DOCUMENT G703

PAGE OF PAGES

AIA Document G702, APPLICATION AND CERTIFICATION FOR PAYMENT, containing Contractor's signed certification is attached.

In tabulations below, amounts are stated to the nearest dollar.

Use Column I on Contracts where variable retainage for line items may apply.

APPLICATION NO: 2
APPLICATION DATE: 7/15/05
PERIOD TO: 7/29/05
ENGINEER'S PROJECT NO:

| A | B | C | D | E | F | G | | H | I |
|---|---|---|---|---|---|---|---|---|---|
| ITEM NO. | DESCRIPTION OF WORK Pawtucket Water Treatment Facility Package 2 | SCHEDULED VALUE | WORK COMPLETED FROM PREVIOUS APPLICATION (D + E) | WORK COMPLETED THIS PERIOD | MATERIALS PRESENTLY STORED (NOT IN D OR E) | TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | BALANCE TO FINISH (C - G) | RETAINAGE (IF VARIABLE RATE) |
| 1 | Mobilization | $ 35,000.00 | $35,000.00 | $0.00 | $0.00 | $35,000.00 | 100.00% | $ - | $3,500.00 |
| 2 | Permits | $ 5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 5,000.00 | $0.00 |
| 3 | Layout | $ 25,000.00 | $5,000.00 | $10,000.00 | $0.00 | $15,000.00 | 60.00% | $ 10,000.00 | $1,500.00 |
| 4 | 24" Pipe Installation | $ 120,000.00 | $120,000.00 | $0.00 | $0.00 | $120,000.00 | 100.00% | $ - | $12,000.00 |
| 5 | 24" Tie Ins | $ 52,000.00 | $52,000.00 | $0.00 | $0.00 | $52,000.00 | 100.00% | $ - | $5,200.00 |
| 6 | Testing & Chlorinating | $ 10,000.00 | $10,000.00 | $0.00 | $0.00 | $10,000.00 | 100.00% | $ - | $1,000.00 |
| 7 | Earth Excavation | $ 338,663.00 | $48,400.00 | $200,000.00 | $0.00 | $248,400.00 | 73.35% | $ 90,263.00 | $24,840.00 |
| 8 | Soil Nailing | $ 694,650.00 | $0.00 | $694,650.00 | $0.00 | $694,650.00 | 100.00% | $ - | $69,465.00 |
| 9 | 6" Under Drain | $ 30,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 30,000.00 | $0.00 |
| 10 | 3/4" Stone | $ 18,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 18,000.00 | $0.00 |
| 11 | Sub Base Compaction | $ 25,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 25,000.00 | $0.00 |
| 12 | Traffic Control | $ 5,500.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 5,500.00 | $0.00 |
| 13 | Boulder Removal (Unit Price) | $ 25.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 25.00 | $0.00 |
| 14 | Ledge Removal (Unit Price) | $ 125.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00% | $ 125.00 | $0.00 |
| | GRAND TOTALS | $ 1,358,813.00 | $270,400.00 | $904,650.00 | $0.00 | $1,175,050.00 | 86.48% | $ 183,763.00 | $117,505.00 |

Users may obtain validation of this document by requesting of the license a completed AIA Document D401 - Certification of Document's Authenticity

Lien Waiver

## CONDITIONAL WAIVER AND RELEASE UPON PROGRESS PAYMENT
**for Subcontractors**

Upon receipt by the undersigned of a check from EARTH TECH, INC. (Purchaser)

in the sum of $ 814,185.00 (Amount of Check) payable to SOUTH SHORE UTILITY CONTRACTORS, INC. (Subcontractor)

and when the check has been properly endorsed and has been paid by the bank upon which it is drawn, this document shall become effective to release pro tanto any mechanic's lien, stop notice or bond right the undersigned has on the job of SITE/UTILITY CONTRACTOR PACKAGE 2 (Subcontract Title)

for PAWTUCKET WATER TREATMENT FACILITY (Project Name) for PAWTUCKET WATER SUPPLY BOARD (Owner)

located at 85 BRANCH STREET, PAWTUCKET, RI 02860 (Project Address) to the following extent:

This release covers a progress payment for labor, services, equipment or materials furnished to SOUTH SHORE UTILITY CONTRACTORS, INC (Purchaser) through 7/29/05 (Date) only and does not cover any retentions retained before or after the release date; extras furnished before the release date for which payment has not been received; or extras or items furnished after the release date. Rights based upon work performed or items furnished under a written change order which has been fully executed by the parties prior to the release date are covered by this release unless specifically reserved by the claimant in this release. This release of any mechanic's lien, stop notice, or bond right shall not otherwise affect the contract rights, including rights between parties to the contract based upon a recision, abandonment, or breach of the contract, or the right of the undersigned to recover compensation for furnished labor, services, equipment, or material covered by this release if that furnished labor, services, equipment or material was not compensated by the progress payment. Before any recipient of this document relies on it, said party should verify evidence of payment to the undersigned.

Subcontractor certifies that it has complied with, but not limited to, federal, state and local tax laws, wage laws or contract, Social Security laws, Unemployment Compensation laws and Workmen's Compensation laws insofar is applicable to this Subcontract. Subcontractor will defend, hold harmless and indemnify Contractor for any lien claims or other claims arising from the Work. Nothing herein nor payment by Contractor modifies or releases claims Contractor has at law or by contract.

Dated: ______________________ ______________________

(Subcontractor)

By: SOUTH SHORE UTILITY CONTRACTORS, INC.

Name:

Title:

3

# EARTH TECH, INC.

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

EarthTech
A Tyco International Ltd. Company

Villa Park III
7870 Villa Park Drive
Suite 400
Richmond, VA 23228

MELLON BANK, N.A.
PITTSBURGH, PA 15259

60-160 10-AUG-2005
433

CHECK # 164891

PAY ONLY: Seven Hundred Ninety-Seven Thousand Nine Hundred One Dollars And 30 Cents*************** 797901.30

PAY TO THE ORDER OF:
SOUTH SHORE UTILITY CONTRACTORS INC
P. O. BOX 19610
JOHNSTON, RI 02919

TWO SIGNATURES REQUIRED OVER $10 000 00

⑈164891⑈ ⑆043301601⑆ 020⑈3393⑈ ⑈0079790130⑈

CITIZENS 1027/91/142/012
RIVERSIDE RI 08112005
011500120
1400531243

043000261
2598-001 06122005
0300800255

ENDORSE HERE
FOR DEPOSIT ONLY
SOUTH SHORE UTILITY CONTRACTORS INC

FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

| Account Number | 00000000203393 | Issue Date | 08/10/2005 |
| --- | --- | --- | --- |
| Serial Number | 0000164891 | Paid Date | 08/12/2005 |
| Item Seq Number | 0300800255 | Process Control | 000000 |
| Amount | $797901.30 | Routing | 0004330160 |

Pkg #2 App #2 x 0.98

Wed May 24 09:01:02 EDT 2006

PLAINTIFF'S EXHIBIT
1-W
6/25/06 [signature]

Exhibit 3