UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff

vs. C.A. No.: 06-276/T

ANTHONY F. ROSCITI, JR.; SHANNON B. ROSCITI; HENRY V. ROSCITI; and A.H.R.UTILITY CORPORATION,

Defendants

ANTHONY F. ROSCITI, JR. & SHANNON B. ROSCITI'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS AND SECOND SET OF INTERROGATORIES

NOW COMES Defendants, Anthony F. Rosciti, Jr. ("A. Rosciti") and Shannon B. Rosciti ("S. Rosciti") (collectively, the "Roscitis"), pursuant to Rules 33 and 36, respectively, of the Federal Rules of Civil Procedure, and hereby answers and responds to Plaintiff, The Hanover Insurance Group's ("Hanover") first set of requests for admissions and second set of interrogatories directed to the Roscitis as follows:

Requests for Admissions & Interrogatories

Request for Admission No. 1: With regard to Paragraph 11 of the Counterclaim filed by the Roscitis, the "Pawtucket Dispute" refers to a claim submitted by G. Donaldson Construction Co., Inc. ("G. Donaldson") against South Shore Utility Contractors, Inc. ("South Shore") and Hanover, as surety, for nonpayment by South Shore to G. Donaldson for labor and material it has supplied South Shore on the Pawtucket Project.

Response to Request for Admission No. 1: Admitted.

Interrogatory No. 1: If the above request for admission is denied, please state the name of the claimant, the amount of the claim and the date the claim was made relating to this "Pawtucket Dispute."

Answer to Interrogatory No. 1: N/A.

**Request for Admission No. 2**: With regard to Paragraph 12 of the Counterclaim filed by the Roscitis, the Roscitis' allegation that South Shore "resolved" the "Pawtucket Dispute" means that the South Shore promised to pay to G. Donaldson as set forth in the letter of South Shore's attorney dated March 22, 2006 and the proposed Judgment Stipulation, both of which are attached to these Requests and Interrogatories as Exhibit 1.

**Response to Request for Admission No. 2:** Objection. This Request for Admission No. 2 calls for a legal conclusion, which the Roscitis are not qualified to give, and thus, the Roscitis are unable to admit or deny the same. Additionally, the Roscitis, in their individual capacities, were not parties to any "settlement" by and between South Shore and G. Donaldson. A. Rosciti is aware, however, through his involvement with South Shore that a "settlement structure" acceptable to South Shore and G. Donaldson was negotiated through counsel for those entities, the terms and conditions of which would be in the possession of those entities and/or their respective designees. Further, the Roscitis are unable to admit or deny this Request for Admission No. 2 insofar as the terms and conditions of the documents and/or items appended thereto as Exhibit 1 speak for themselves.

**Interrogatory No. 2**: If the request for admission is denied, please state in detail how South Shore resolved the "Pawtucket Dispute" including, but not limited to:

1. Details of all discussions by Rosciti, or either of them, and/or South Shore with G. Donaldson concerning resolution of the claim.

2. Terms and conditions of the Agreement between the parties that constituted its resolution.

3. Terms and conditions of payment by South Shore to G. Donaldson to resolve the claim.

4. Dates and amounts of all payments made to G. Donaldson by South Shore pursuant to the resolution of the claim.

**Answer to Interrogatory No. 2:** N/A.

**Request for Admission No. 3**: The document attached to these Requests and Interrogatories as Exhibit 2 represents a true and accurate copy of the Payment Request No. 2 in the amount of $814,185.00 for work Package 2 that South Shore submitted to the general contractor on the

Pawtucket Project, Earth Tech, for work completed and incorporated on the Project by South Shore.

Response to Request for Admission No. 3: The Roscitis admit only that Exhibit 2 purports to be Payment Request No. 2 prepared by South Shore and directed to Earth Tech, Inc. The Roscitis can neither admit nor deny the remainder of this Request for Admission No. 3 insofar as, in their individual capacities, they were not parties to the purported payment request. Moreover, the terms and conditions of the documents and/or items appended to this Request for Admission No. 3 as Exhibit 2 speak for themselves.

Interrogatory No. 3: If the above request for admission is denied, please set forth in detail the basis for the denial.

Answer to Interrogatory No. 3: N/A.

Request for Admission No. 4: The document attached to these Requests and Interrogatories as Exhibit 3 is a true and accurate copy of a check in the amount of $797,901.30 issued by Earth Tech to South Shore in payment of South Shore's Payment Request No. 2 (attached herein as Exhibit 2).

Response to Request for Admission No. 4: The Roscitis admit only that Exhibit 3 purports to be a check, dated August 10, 2005, from Earth Tech, Inc. made payable to South Shore. The Roscitis can neither admit nor deny the remainder of this Request for Admission No. 4 insofar as, in their individual capacities, they were not parties to the purported payment. Moreover, the terms and conditions of the documents and/or items appended to this Request for Admission No. 4 as Exhibit 3 speak for themselves.

Interrogatory No. 4: If the request for admission is denied, please set forth in detail the basis for the denial.

Answer to Interrogatory No. 4: N/A.

Request for Admission No. 5: Pursuant to Pay Request No. 12 of South Shore on the Pawtucket Project, Earth Tech paid South Shore $694,650.00, less retainage, for work and/or materials which G. Donaldson supplied to South Shore on the Pawtucket Project.

Response to Request for Admission No. 5: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 5 insofar as, in their individual capacities, they were not a party to any payment(s) made by Earth Tech, Inc. to South Shore relative to the so-called Pawtucket Project.

Interrogatory No. 5: If the request for admission is denied, please set forth in detail the basis for the denial.

Answer to Interrogatory No. 5: N/A.

Request for Admission No. 6: Upon receipt of the payment referenced in Request for Admission No. 4, other than to make a payment of $100,000, South Shore did not in turn make any payments to G. Donaldson from these funds, or, if South Shore disputed the claim, did not escrow $530,000 in funds until the dispute was resolved.

Response to Request for Admission No. 6: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 6 insofar as, in their individual capacities, the Roscitis were not parties to any payments made by South Shore to G. Donaldson, or the payment and/or disposition of funds relative to G. Donaldson.

Interrogatory No. 6: If the request for admission is denied, please set forth in detail all payments made by South Shore to G. Donaldson out of these funds, or detail by bank, account number, amount and date of deposit the funds that were escrowed.

Answer to Interrogatory No. 6: N/A.

Request for Admission No. 7: With regard to Paragraph 13 of the Counterclaim filed by the Roscitis, South Shore had no dispute on the "Amtrak Project" relating to application of payments or inflated receivables.

Response to Request for Admission No. 7: Admitted.

Interrogatory No. 7: If the request for admission is denied, please set forth in detail the "Amtrak Dispute", including the name of the claimant, the amount of the claim and the date the claim was submitted.

Answer to Interrogatory No. 7: N/A.

<u>Request for Admission No. 8</u>: Concerning the claim submitted by Vellano Brothers, Inc. ("Vellano Brothers") on the Pawtucket Project, Vellano Brothers submitted a claim of $755,725.01 to South Shore and Hanover pursuant to a letter from its attorney dated March 3, 2006.

<u>Response to Request for Admission No. 8</u>: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 8 insofar as, in their individual capacities, they were not parties to any claim(s) submitted by Vellano Brothers, Inc. to South Shore and/or Hanover with respect to the so-called Pawtucket Project.

<u>Interrogatory No. 8</u>: If the request for admission is denied, please set forth in detail the basis for the denial.

<u>Answer to Interrogatory No. 8:</u> N/A.

<u>Request for Admission No. 9</u>: Concerning the claim submitted by Vellano Brothers, although South Shore received payments from Earth Tech relating to materials supplied by Vellano Brothers to South Shore on the Pawtucket Project, South Shore failed or refused to make any payments to Vellano Brothers for materials supplied on this Project.

<u>Response to Request for Admission No. 9:</u> Objection. The Roscitis can neither admit nor deny this Request for Admission No. 9 insofar as, in their individual capacities, they were not parties to any claim(s) submitted by Vellano Brothers, Inc. to South Shore and/or Hanover with respect to the so-called Pawtucket Project.

<u>Interrogatory No. 9</u>: If the request for admission is denied, please state in detail the basis for the denial and detail all payments made to Vellano Brothers on the Pawtucket Project, including check number, amount, date of check and numbers of all invoices paid.

<u>Answer to Interrogatory No. 9:</u> N/A.

<u>Request for Admission No. 10:</u> Under the terms of the Indemnity Agreement, attached to the Hanover Complaint as Exhibit A, and in response to receipt of claims by Hanover from Vellano Brothers and G. Donaldson totaling approximately $1.3 million, the Roscitis had a duty to post collateral in response to Hanover's demand dated March 15, 2006 (attached to Hanover's Complaint as Exhibit B).

Answer to Admission No. 10: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 10 insofar as it calls for a legal conclusion or opinion, which the Roscitis are not qualified to give. Moreover, the terms and conditions of the so-called Indemnity Agreement appended to Hanover's Complaint as Exhibit A speak for themselves.

Interrogatory No. 10: If the request for admission is denied, please set forth in detail the basis for the denial, including the identity of all documents, communications, and materials supporting this denial.

Answer to Interrogatory No. 10: N/A.

Request for Admission No. 11: Despite the provisions of the Indemnity Agreement and demand by Hanover dated March 15, 2006, the Roscitis failed and/or refused to post collateral in favor of Hanover.

Response to Request for Admission No. 11: Denied.

Interrogatory No. 11: If the request for admission is denied, please set forth in detail the basis for the denial.

Answer to Interrogatory No. 11: Pursuant to Hanover's request that the Roscitis "post" certain additional collateral in favor of Hanover, the Roscitis were endeavoring to do so when, at or about the same time, Hanover intentionally interfered with South Shore's direct contractual relationships with the project owners of the so-called Pawtucket Project and Amtrak Project, respectively, and directed said project owners to cease any further payments to South Shore, which said action(s) prevented the Roscitis' ability to secure and/or "post" the requested collateral in favor of Hanover.

Request for Admission No. 12: The Indemnity Agreement provides Hanover an assignment to all bonded contract funds upon default of any or all of the indemnitors of the Indemnity Agreement.

Response to Request for Admission No. 12: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 12 insofar as it calls for a legal conclusion or opinion, which the Roscitis are not qualified to give. Moreover, the terms and conditions of the so-called Indemnity Agreement appended to Hanover's Complaint as Exhibit A speak for themselves.

Interrogatory No. 12: If the request for admission is denied, please set forth in detail the basis for the denial.

Answer to Interrogatory No. 12: N/A.

Request for Admission No. 13: The failure of the Roscitis to post collateral and/or otherwise indemnify Hanover constituted their default of the Indemnity Agreement.

Answer to Admission No. 13: Objection. The Roscitis can neither admit nor deny this Request for Admission No. 13 insofar as it calls for a legal conclusion or opinion, which the Roscitis are not qualified to give. Moreover, the terms and conditions of the so-called Indemnity Agreement appended to Hanover's Complaint as Exhibit A speak for themselves.

Interrogatory No. 13: If the request for admission is denied, please set forth in detail the basis for any denial, including why the Roscitis signed a letter dated April 15, 2007 acknowledging their default, which letter is attached as Exhibit C to Hanover's Complaint in this matter.

Answer to Interrogatory No. 13: N/A.

Request for Admission No. 14: In resolving claims under the payment and performance bonds that Hanover provided South Shore on the Pawtucket and Amtrak Projects, Hanover did not engage in fraud or collusion with any other owners or obliges of these respective Projects.

Response to Request for Admission No. 14: Denied.

Interrogatory No. 14: If the request for admission is denied, please set forth in detail any and all facts supporting the claim that Hanover engaged in fraud or collusion with any of the owners or obligees in resolving the claims under the performance and payment bonds which Hanover issued on the Pawtucket and Amtrak projects.

Answer to Interrogatory No. 14: In or about February and March, 2006, without either the consent or authorization of South Shore, Hanover embarked on a course of conduct and dealing with the project owners for the so-called Pawtucket Project and Amtrak Project, respectively, wherein it negotiated with said project owners, and, in doing so interfered with, notwithstanding South Shore's direct contractual relationship with said project owners, and directed the project owners to cease making any further payments to South Shore relative to the subject projects. This course of conduct and dealing commenced and occurred well in advance, and, in any event, approximately thirty (30) days prior to, South Shore's execution of a direction of payment letter in favor of Hanover with respect to this Pawtucket Project and Amtrak Project, respectively.

Anthony F. Rosciti, Jr.

State of Rhode Island
County of Providence

Subscribed and sworn to before me in the County of Providence, State of Rhode Island on this 10th day of January, 2008.

Notary Public CHRISTOPHER M. MULHEARN
My commission expires: 01.31.09

Shannon B. Rosciti

State of Rhode Island
County of Providence

Subscribed and sworn to before me in the County of Providence, State of Rhode Island on this 10th day of January, 2008.

Notary Public CHRISTOPHER M. MULHEARN
My commission expires: 01.31.09

As to objections:

Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
Email: cmulhearn@frlawri.com

Dated: January 10, 2008

## Certification

I hereby certify that on this 10th day of January, 2008, I served a true and accurate copy of the within upon **Kevin C. Cain, Esq. & Ronald Ritland, Esq.**, Peabody & Arnold, LLP, 600 Atlantic Avenue, Boston, MA 02210; and **Paul Morretti, Esq.**, Tillinghast Licht, LLP, Ten Weybosset Street, Providence, Rhode Island 02903, by facsimile and by first-class, postage prepaid mail.