## Ronald E. Ritland

**From:** Ronald E. Ritland
**Sent:** Monday, February 11, 2008 9:41 AM
**To:** Christopher Mulhearn, Esq.
**Subject:** RE: The Hanover Insurance Group vs. Anthony F. Rosciti, Jr., et al, C.A. No.: 06-276T

Chris-

I have no problem with discussing this further with you by telephone. Howver, since you took some time to respond, I thought I would give you the same courtesy.

Hanover believes strongly, given the context and the fact there was no Pay Req. 12, that this should have been clear that the reference was to Pay Req. 2. The fact that you clients did not mention it until now lends some credence to that. Be that as it may, you have not indicated your clients will now admit the Request for Admission after being so advised. Please advise.

With regard to Request/Interrogatory 4, Anthony knows full well South Shore's pay reqs. on this job, under his specific request to and agreement with Earth Tech, were discounted 2% so they were paid immediately rather than after the standard time. The check copy shows Earth Tech's notations of 2% reduction to reflect this agreement. The difference in the Pay Req. 2 and the check is exactly 2%. One could argue whether this exhibits the Roscitis being "cute" in responding, but they have certainly not complied with the rules. They have the duty to reasonably investigate. Anthony's attempt to deny any knowledge relating to his tenure as South Shore's owner/operator hardly qualifies.

This applies with equal force to other Requests for Admission which the Roscitis refused to admit or deny. They have a duty of reasonable inquiry. There is no representation that they have done this. In fact, given their response on Req for Adm 8, it is clear thy do not believe they have a duty to refer to anything other than the Req for Adms and acompanying exhibits. As you know, Hanover disclosed to Roscitis all discoverable documents relating the Vellano Bros. claim, including the initial claim, as well as Hanover's analysis of South Shore's records on the subject. The Roscitis apparently claim, in addition to having no duty to make reasonable inquiry, they do not even have a duty to review the documents they obtained from Hanover or the Receiver in answering.

Finally, the indemnity agreement defines conditions of "default" clearly within the document. Your clients admitted they were in "default" of that agreement. They cannot now say they cannot admit these Requests because they do not know what "default" means in this context. Futher, the word "duty" has no magical meaning. They should be able to respond. They have an obligation to review the indemnity agreement and answer questions relating to it. This is not asking for a legal conclusion, but only, as allowed under Rule 36, "the truth of any matters within the scope of Rule 26(b)(1) relating to: ... facts, the application of law to facts, or opinions about either..."

As stated above, I am happy, as always, to speak with you on these matters, but Hanover cannot wait any longer to act to require answers by your clients to these critical Requests for Admission and Interrogatories. I appreciate your attention to these matters.

Best Regards,

Ron Ritland

---

**From:** Christopher Mulhearn, Esq. [mailto:cmulhearn@frlawri.com]

**Sent:** Fri 2/8/2008 5:59 PM
**To:** Ronald E. Ritland
**Subject:** Re: The Hanover Insurance Group vs. Anthony F. Rosciti, Jr., et al, C.A. No.: 06-276T

Ron -

Thank you for drawing our attention to the "typo" in Request for Admission No. 5. Candidly, we were not aware of any typographical error.

Why don't we plan to speak by telephone Monday afternoon. Unfortunately, e-mail communication is not as effective a means of communication as we would like in every instance. Let me know what time is best for you Monday afternoon. I look forward to hearing from you.

Regards,

Chris

----- Original Message -----
From: Ronald E. Ritland <rritland@peabodyarnold.com>
To: Christopher Mulhearn, Esq.
Sent: Fri Feb 08 18:00:26 2008
Subject: Re: The Hanover Insurance Group vs. Anthony F. Rosciti, Jr., et al, C.A. No.: 06-276T

Chris-

Thanks for the prompt reply. I will respond on Monday to the specifics, but we will move forward. There is no time for continuous back and forth especially when it is clear now your clients will continue to refuse to admit or deny without adequate basis. It certainly is not the issue of whether Hanover likes the responses or not, but whether the reponses are objectionable under the rules. The short answer is they are.

As an example, Roscitis understand full well, given the context established by the previous requests, that Request 5 contains a simple typo. The reference is obviously to pay app 2. If under any circumstance, Roscitis were genuinely under that impression, here is their opportunity to show their good faith by admitting the request now.

Have a good weekend and I will be in touch.

Ron Ritland
--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Christopher Mulhearn, Esq. <cmulhearn@frlawri.com>
To: Ronald E. Ritland <rritland@peabodyarnold.com>
Sent: Fri Feb 08 17:17:27 2008
Subject: The Hanover Insurance Group vs. Anthony F. Rosciti, Jr., et al,
C.A. No.: 06-276T

Communication intended solely
for resolution of a disputed matter,
and, as such, protected from disclosure

Dear Ron:

We are in receipt of yours of earlier today in connection with the above-identified action.

In the first instance, thank you for the quick review and analysis of the Roscitis' supplemental answers to Hanover's first set of requests for admissions and second set of interrogatories.

In order to aid your further research and analysis relative to the same, we write in order to address certain of Hanover's perceived deficiencies with respect to certain of the Roscitis' discovery responses.

With respect to Request for Admission No. 4, as clearly indicated in the supplemental response to the same, the Roscitis do not have any knowledge as to whether Exhibit 3 appended to your client's discovery request was a check issued by Earth Tech to South Shore in payment of South Shore's Payment Request No. 2. Further, as indicated, absent the actual payment and billing history for this project, the Roscitis, some two (2) years after the fact, do not have any specific knowledge or recollection with respect to the same. Simply put, the Roscitis are not trying to play "cute" with your client, and at this time simply cannot admit or deny something they have no knowledge of.

Similarly, the Roscitis, again, have no basis, given the fact that neither Pay Request No. 12 nor any check reflecting a $694,650.00 payment is appended to Hanover discovery request, to admit or deny the Request for Admission No. 5. Thus, the Roscitis' reasoning for responding the your client's Request for Admission No. 5 is the same as set forth above relative to Request for Admission No. 4.

In connection with Hanover's Request for Admission No. 8, the Roscitis do not know whether the claimed amount by the Vellano Brothers on or about March 3, 2006, was $755,725.01. Absent the claim letter being appended to the specific discovery requests, the Roscitis are uncertain, and thus, unable to admit or deny your client's Request for Admission No. 8.

As for your client's Request for Admission No. 9, the Roscitis have denied the same. Further, they have, to the best of their ability, answered Interrogatory No. 9. Of course, to the extent that their recollection is refreshed and/or they have an opportunity or access to the complete billing and payment history for the subject project, they reserve the right, as they are entitled under the applicable Federal Rules of Civil Procedure, to seasonably supplement their response to Interrogatory No. 9.

The Roscitis have admitted in their supplemental answer to a response to your client's Request for Admission No. 10 that they did not post collateral in response to Hanover's so-called March 15, 2006 "demand". As for your client, using the term "duty" in its Request for Admission No. 10, the same is not defined in either the discovery requests or the Agreement of Indemnity that is appended to Hanover's Complaint as Exhibit A. Thus, it would appear your client's discovery requests seeks to have the Roscitis admit to a statement of law rather than a statement of fact. Hence, the reasoning that the Roscitis have responded to your client's Request for Admission No. 10.

The very same analysis applies with respect to Hanover's Requests for Admission Nos. 12 and 13, respectively, as it does for Request for Admission No. 10. As such, to the extent that Hanover seeks to have the Roscitis admit to a "default" under the Agreement of Indemnity, the same is a conclusion or determination to be made by the court insofar as it does not seek an admission of fact. Simply put, the Roscitis have

already admitted that they did not post a collateral pursuant to Hanover's request. To the extent the same is determined or adjudicated to be a default under the Agreement of Indemnity that is for the Court to decide.

Finally, as for Request for Admission No. 14 and the accompanying interrogatory, the Roscitis have advanced their factual basis for denying this request for admission, subject to their right to seasonably supplement the same in accord with the applicable provisions of the Federal Rules of Civil Procedure. To the extent that your client determines the same is neither fraud nor collusion, one can assume that that only bolsters it s argument as to the Roscitis' Counterclaim and Complaint in the consolidated actions. Thus, to the extent that the same is legally insufficient from Hanover's perspective, one would think that it would be to Hanover's advantage. That being said, the Roscitis have responded to Interrogatory No. 14 in accord with the requirements of the Federal Rules of Civil Procedure.

Once you have had an opportunity to consider the within, as well as conduct Hanover's further analysis and research regarding this matter, we would ask that you give us a call in order that we may have an opportunity to further discuss the matter with you in more detail in advance of the filing of any motion to compel. As you well know, the Roscitis have, and continue to work in good faith with Hanover to resolve any so-called discovery dispute that exists. That being said, however, Hanover likewise must work in good faith and simply cannot threaten the spector of a motion to compel or request for other relief simply because it does not like the answers or responses provided by the Roscitis notwithstanding that the same would appear to be legally sufficient pursuant to the applicable provisions of the Federal Rules of Civil Procedure.

In any event, we stand ready and willing to discuss the matter with you further and work toward an amicable resolution of any dispute that exists. We look forward to hearing from you in this regard.

Thank you for your anticipated cooperation and prompt attention to this matter.

Sincerely,

Ferrucci Russo P.C.

Counsellors at Law

Christopher M. Mulhearn

55 Pine Street, 4th Floor

Providence, RI 02903

Tel.: (401) 455-1000

Fax: (401) 455-7778

cmulhearn@frlawri.com <blocked::mailto:cmulhearn@frlawri.com>

This e-mail message is subject to attorney-client privilege and contains information intended only for the person(s) named above. If you receive this transmission in error, please notify us immediately. Destroy the original message and all copies.
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, Peabody & Arnold LLP informs you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing, or recommending to another party any tax related matters addressed herein.

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the intended recipient, please notify Peabody & Arnold LLP immediately by replying to the message or by contacting us at (617) 951-2100. Please delete this message and any attachments from your system. Thank you.

**Ronald E. Ritland**

---

**From:** Ronald E. Ritland
**Sent:** Friday, February 08, 2008 3:52 PM
**To:** 'Christopher Mulhearn, Esq.'
**Subject:** Supplemental Responses

Chris-

I have reviewed the Roscitis' supplemental responses dated February 5, 2008 and unfortunately find that certain responses are still clearly not in compliance with the relevant discovery rules. We are objecting to responses to Requests for Admission 4, 5, 8, 9, 10, 12, 13 and 14 as well as the accompanying Interrogatory answers. Pending further research and analysis, this list should not be considered exhaustive.

As this matter has been pending for some time and are under tight discovery deadlines for this case, Hanover plans to file a motion to compel shortly to get a decision from the court. Hanover's attempts to convince the Roscitis to file responsive answers in good faith have not been successful. We will in all likelihood have to reschedule the depositions of your clients pending decision of the court.

If you want to discuss this further, please feel free to give me a call. Thank you.

Ronald E. Ritland, Esq.
Peabody and Arnold, LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: 617-951-2011
Fax: 617-235-3570