UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

THE HANOVER INSURANCE GROUP,

Plaintiff,

v.

ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION,

Defendants.

CIVIL ACTION
NO. 1:06-cv-0276-T-LDA

**PLAINTIFF'S REQUEST FOR ADMISSIONS AND FIRST SET OF INTERROGATORIES TO DEFENDANT HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION**

Pursuant to Fed. R. Civ. P. 36 and Fed. R. Civ. P. 33, the plaintiff The Hanover Insurance Group ("Hanover"), hereby requests that the defendants Henry V. Rosciti, Jr. ("Rosciti") and AHR Utility Corporation ("AHR") admit the truth of the following requests for admission and answer under oath the following interrogatories:

DEFINITIONS AND INSTRUCTIONS

1. The term "identify" when used herein in reference to:

    1. a natural person, means to state his full name, title and present business or residential address, or, if unknown, his last known business, or, if unknown, his last known business or residential address, and his present or last known employer;

    2. an artificial person (e.g., corporation, partnership or business concern), means to state its full name and business address;

    3. a document, means to state the name and date of the document, the type of document (e.g., agreement, insurance policy, pension or retirement plan, letter, memorandum, report, note, etc.), the name and address of the person who prepared the document, the name and address of the person, if any, to whom the document was addressed, whether it is the original or a copy thereof (or, in the alternative, attach a true and complete copy

thereof), and, if the plaintiff is not in possession, custody or control of the original or a copy, the name and address of the persons having possession, custody or control of the original or a copy of the document, and the occasion and/or circumstances in which the document was prepared; and

4. an act or event (including, but not limited to, an oral communication, a meeting, conversation, discussion, demonstration or experiment), means to states the date and place of the act or event, identify each person present or taking part therein, state precisely what was said and/or done by each such person, including yourself, and describe in detail what transpired during the act or event.

2. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed or otherwise visually or orally reproduced materials, irrespective of whether they are copies of originals, and irrespective of whether they are within the possession, custody or control of the plaintiff The Hanover Insurance Group, and/or any employee, agent or attorney acting on its behalf, including, but not limited to: letters, cables, wires, telegrams, correspondence, notes, memoranda, notes of telephone calls and conferences, and interoffice and intraoffice communications of all types; insurance policies; pension plans; laboratory records or notebooks; drawings, blueprints, flow sheets, graphs, projections, sketches, charts, data and worksheets; photographs, movies and recordings; books, catalogs and published materials of any kind; all other writings, assignments, licenses, contracts, agreements, official papers and legal instruments; annual reports to shareholders and minutes or reports of meetings of directors, officers or executive boards of committees; advertising or promotional literature and press releases; cancelled checks and all other records of payments; microfilm of documents that may have been destroyed; and any other writings or tangible objects whether produced or reproduced mechanically, electrically, electronically, photographically or chemically.

3. The term "communication" means any exchange of words, ideas, messages or information, whether by speech, signal or writing, and includes memoranda and conversations both in person and by telephone.

4. The term "Hanover" means the plaintiff The Hanover Insurance Group, and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

5. The term "Rosciti" means the defendant Henry V. Rosciti, Jr., and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

6. The term "AHR" means the defendant AHR Utility Corporation and/or any agent, servant, employee or representative of same, including, but not limited to, any attorney, accountant or consultant employed by or on behalf of same.

7. The term "Indemnity Agreement" means the Agreement of Indemnity attached as Exhibit A to the Complaint which Hanover filed in this case.

8. The terms "refer to," "relate to," "reflect(ing)," "in connection with," with respect to," and any combination thereof, mean refer to and include referring to, relating to, reporting, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, describing, analyzing, reflecting, presenting or constituting.

9. The phrase "Pawtucket Project" refers to the South Shore project commonly known as the Pawtucket Water Treatment Plant Storage Tank at 85 Branch Street, Pawtucket, Rhode Island. The phrase "Amtrak Project" refers to the South Shore project commonly known as the Freight Rail Improvement Project 24' Water Main Relocation, Providence, Rhode Island.

REQUEST FOR ADMISSIONS AND INTERROGATORIES

**Admission No. 1**

Rosciti and AHR executed the Agreement of Indemnity attached to Hanover's Complaint as Exhibit A.

**Interrogatory No. 1**

If the request for admission is denied, please state in detail the basis for denial.

**Admission No. 2**

Rosciti and AHR received a copy of a letter attached to Hanover's Complaint as Exhibit B.

**Interrogatory No. 2**

If the request for admission is denied, please state in detail the basis for denial.

**Admission No. 3**

Rosciti and AHR executed the letter dated April 13, 2006 and attached to Hanover's Complaint as Exhibit C.

**Interrogatory No. 3**

If the request for admission is denied, please state in detail the basis for denial.

**Admission No. 4**

Rosciti and AHR did not post $1.3 million in collateral as requested in the letter attached to Hanover's complaint as Exhibit B.

**Interrogatory No. 4**

If the request for admission is denied, please state in detail the basis for denial.

**Admission No. 5**

South Shore Utility Corporation, Inc. ("South Shore") did not resolve the claims submitted by G. Donaldson by making payment to G. Donaldson as set forth in the letter from South Shore's attorney to the attorney for G. Donaldson dated March 22, 2006 and proposed Judgment Stipulation, both of which are attached to these Requests and Interrogatories as Exhibit 1.

**Interrogatory No. 5**

If the request for admission is denied, please state in detail the manner in which South Shore resolved the G. Donaldson claim including but not limited to:

1. Details of all communications Rosciti, AHL and/or South Shore had with G. Donaldson concerning resolution.

2. Terms of the agreement between the parties that constituted its resolution.

3. Terms of payment by South Shore to G. Donaldson to resolve the claim.

4. Details of all payments made by South Shore or any other party to G. Donaldson to resolve its claim including check number, date of check, amount of check.

**Admission No. 6**

Despite receiving payments from the general contractor on the Pawtucket Project for labor and/or materials supplied to the Pawtucket Project by G. Donaldson pursuant to a contract with South Shore, South Shore did not make any payments to G. Donaldson from payments received.

**Interrogatory No. 6**

If the request for admission is denied, set forth in detail the basis for the denial, including but not limited to detailing all payments made by South Shore to G. Donaldson by check number, date, amount and date delivered to G. Donaldson.

**Admission No. 7**

Under the terms of the Agreement of Indemnity, Rosciti and AHR had a duty to post collateral in response to Hanover's demand (Exhibit B to Hanover's Complaint).

**Interrogatory No. 7**

If the request for admission is denied, please set forth in detail the basis for the denial.

**Admission No. 8**

The failure of Rosciti and AHR to post collateral and/or otherwise indemnify Hanover constituted their default of the Agreement of Indemnity.

**Interrogatory No. 8**

If the request for admission is denied, please explain in detail the basis for the denial and, specifically, why Rosciti and AHR signed the letter acknowledging default, attached to the Complaint of Hanover as Exhibit C.

**Admission No. 9**

In resolving claims under the payment and performance bonds for the Pawtucket and Amtrak Projects, Hanover did not engage in fraud or collusion with either the owners or obligees on these respective Projects.

**Interrogatory No. 9**

If the request for admission is denied, please set forth in detail the facts supporting Rosciti and AHR's claim that Hanover engaged in fraud or collusion with the obligees or owners in resolving the payment and performance bond claims on the Pawtucket and Amtrak Projects.

**Admission No. 10**

Hanover's claims are not barred by its own breach of contract, to wit: the Agreement of Indemnity as set forth as Affirmative Defense No. 5 in the Amended Answer of Rosciti and AHR to the Complaint of Hanover.

**Interrogatory No. 10**

If the request for admission is denied, please set forth in detail the basis for the denial, including all facts supporting Rosciti and AHR's claim that Hanover breached the Indemnity Agreement.

**Admission No. 11**

Hanover's claims are not barred by its own misfeasance and/or malfeasance, as alleged by Rosciti and AHR in their Affirmative Defense no. 6 to the Hanover Complaint.

**Interrogatory No. 11**

If the request for admission is denied, please set forth in detail the basis for the denial, including all facts supporting Rosciti's and AHR's claim that Hanover engaged in misfeasance or malfeasance in this matter.

**Admission No. 12**

Hanover's claims are not barred insofar as they were caused through its own negligence, as set forth in Affirmative Defense No. 7 in the Amended Answer filed by Rosciti and AHR.

**Interrogatory No. 12**

If the request for admission is denied, please set forth in detail the basis for the denial, including all facts supporting Rosciti and AHR's claim that Hanover was negligent.

**Admission No. 13**

Hanover's claims are not barred by its tortious interference with prospective business relations as alleged in Affirmative Defense No. 8 of the Amended Answer filed by Rosciti and AHR.

**Interrogatory No. 13**

If the request for admission is denied, please set forth all basis for the denial including all facts supporting Rosciti and AHR's claim that Hanover engaged in tortious interference with prospective business relations and also naming all parties whose prospective business relationships were interfered.

**Admission No. 14**

Hanover's claims are not barred by its tortious interference with contractual relations as alleged in Affirmative Defense No. 9 in the Amended Answer to Hanover's Complaint filed by Rosciti and AHR.

**Interrogatory No. 14**

If the request for admission is denied, please state in detail the basis for the denial, including all facts supporting the Rosciti and AHR's claim of tortious interference by Hanover and also detailing precisely what contractual relations Hanover interfered with.

**Admission No. 15**

Hanover's claim is not barred by its own bad faith and unfair dealing as alleged in Affirmative Defense No. 10 of the Amended Answer filed by Rosciti and AHR.

**Interrogatory No. 15**

If the request for admission is denied, please set forth the basis for the denial in detail, including all facts supporting Rosciti and AHR's claim that Hanover engaged in bad faith and unfair dealing and by stating precisely the instances of bad faith and unfair dealing.

**Admission No. 16**

Hanover's claim is not barred by its breach of fiduciary duty and/or obligation as set forth in Affirmative Defense No. 11 of the Amended Answer to Hanover's Complaint filed by Rosciti and AHR.

**Interrogatory No. 16**

If the request for admission is denied, please set forth in detail the basis for the denial, including all facts supporting Rosciti and AHR's claim that Hanover breached a fiduciary duty or obligation, the basis for the fiduciary duty or obligation and the party to whom Hanover owed the duty or obligation.

**Admission No. 17**

Hanover's claims are not barred by its unfair and deceptive acts and/or practices in violation of Chapter 93A of the Massachusetts General Laws as alleged in Affirmative Defense No. 12 in the Amended Answer to Hanover's Complaint filed by Rosciti and AHR.

**Interrogatory No. 17**

If the request for admission is denied, set forth in detail the basis for the denial, including the facts supporting Rosciti and AHR's claim that Hanover engaged in unfair and deceptive acts in violation of the statute.

THE HANOVER INSURANCE GROUP,

By its attorneys,

Ronald E. Ritland, Esq. (*pro hac vice*)
Kevin C. Cain, Esq. (#3960)
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
(617) 951-2011

DATED: December 11, 2007

**CERTIFICATE OF SERVICE**

I, Ronald E. Ritland, hereby certify that on this 11th day of December, 2007, I served Plaintiff's Request for Admissions and First Set of Interrogatories to Defendant Henry V. Rosciti, Jr., and AHR Utility Corporation via first class mail, postage prepaid upon:

Paul J. Moretti, Sr., Esq.
Tillinghast Licht, LLP
10 Weybosset Street
Providence, RI 02903

Ronald E. Ritland

672766_1
2114-92646

*Joseph P. Ferrucci*
*jferrucci@frlawri.com*

March 22, 2006

*Via facsimile*

Girard R. Visconti, Esq.
Visconti & Boren
55 Dorrance Street
Providence, RI 02903-2219

***RE: South Shore Utility Contractors, Inc./Donaldson***

Dear Gerry:

In follow-up to our telephone discussions today, this will confirm that South Shore Utility Contractors, Inc. agrees to your settlement proposal wherein it will pay the sum of approximately $536,000.00 less at this time retainage of 10% of the invoiced amount plus interest of approximately $36,000.00 through February, 2006 as follows:

1. $100,000.00 upon execution of formal settlement documentation including an appropriate judgment stipulation signed by both defendants;
2. $100,000.00 thirty (30) days thereafter;
3. The balance thirty (30) days thereafter; and
4. The retainage amount shall be paid in full upon the earlier of receipt thereof by South Shore Utility Contractors or six (6) months from the date of judgment stipulation.

Thank you and your client for your efforts in achieving a settlement of this matter.

Very truly yours,

JOSEPH P. FERRUCCI

JPF/was
cc: Andrew Daniels *(via facsimile)*

**Exhibit 1**

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

G. DONALDSON CONSTRUCTION CO., INC. :
:
vs. : C.A. NO.: 05-5623
:
SOUTH SHORE UTILITY CONTRACTORS, :
INC. and THE HANOVER INSURANCE :
COMPANY :

## JUDGMENT STIPULATION

Judgment is hereby entered in favor of the plaintiff, G. Donaldson Construction Co., Inc., against defendants, South Shore Utility Contractors, Inc. and The Hanover Insurance Company in the sum of $536,000.00, plus interest of $36,000.00, for a total judgment of $572,000.00 payable as follows

1. $100,000.00 upon signature of all parties herein;
2. $100,000.00 on or before April 24, 2006;
3. The balance of $372,000.00 payable on or before May 24, 2006;
4. Any retainage, not exceeding $63,600.00, that is included in the balance as noted in Paragraph 3 of this stipulation, shall be paid in full upon the earlier receipt thereof by South Shore Utility Contractors, or not later than September 22, 2006; and
5. If any defendant fails to pay the amounts noted in Paragraphs 1 through 3 within three (3) business days of the due date, any and all balances in this Judgment Stipulation shall become immediately due together with accrued interest.

Plaintiff
G. Donaldson Construction Co., Inc.
By its Attorneys

Defendant
South Shore Utility Contractors, Inc.
By its Attorneys

Girard R. Visconti, Esquire #0566
Visconti & Boren Ltd.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 fax

David D. Barricelli #4763
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600

Defendant
The Hanover Insurance Company
By its Attorneys

Robert J. O'Keefe #6750
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Date: