RONALD E. RITLAND
[617] 951.2011
rritland@peabodyarnold.com

January 23, 2008

**By Telefax and U.S. Mail**

Paul J. Moretti, Sr., Esq.
Tillinghast Licht, LLP
10 Weybosset Street
Providence, RI 02903

Re: *The Hanover Insurance Group v. Anthony F. Rosciti, Jr., et al.*
C.A. No.: 1:06-cv-0276-T-LDA

Dear Paul:

Please allow this letter to serve as a request under Fed. R. Civ. P. 37(A)(1) and 37(A)(5) and 36(a)(6). Hanover requests that your clients, Henry V. Rosciti Jr. ("Rosciti") and AHR Utility ("AHR"), respond to the following objections of Hanover that the indicated responses to its requests for admissions and/or answers to interrogatories were incomplete, evasive and/or asserted objections without valid basis. Please provide responses within 7 days of your receipt of this letter. If there is no response, or the responses provided do not, in Hanover's opinion, adequately respond to its objections, Hanover will file with the court a motion to compel and/or to determine the sufficiency of an answer or objection, pursuant to the above rules.

Response to Request for Admission No. 5:

Your response to the request to admission is incomplete, evasive or non-responsive. Fed. R. Civ. P. 36(a)(4) and (5) provides that a party responding to a request for admission by stating that it cannot admit or deny, or a party objecting to the request for admission, must state in detail the basis for its objection or their inability to admit or deny the request.

Further, request for admission no. 5 is clear and your clients should be able to admit or deny whether South Shore indeed forwarded the payment to G. Donaldson. If the request or admission is denied, then Hanover requests that your clients fully answer interrogatory no. 5.

Answer to Interrogatory No. 5:

Your clients object to the interrogatory in that it asks for information on transactions to which Rosciti and AHR were not parties. This is not a valid basis for objecting to the Interrogatory. This objection is unfounded for the following reasons:

1. Rosciti was vice president and 50% owner of the South Shore Utility Corporation, Inc. ("South Shore") at all relevant times. As such, he either had direct knowledge of the transaction set forth or that knowledge is imputed to him as vice president of South Shore.

2. Rosciti and AHR allege in their affirmative defenses that Hanover took certain actions in responding to bond claims against South Shore that damaged them individually and South Shore, and that obviated Rosciti's and AHR's obligations under the Indemnity Agreement. Rosciti and AHR cannot make these affirmative defenses directly as guarantors of South Shore, on the one hand, to avoid their obligations, while, on the other hand, assert no knowledge or responsibility to respond to questions concerning specific transactions involving South Shore.

3. Rosciti and AHR acted as indemnitors or guarantors specifically concerning any losses under bonds which Hanover wrote on behalf of South Shore, and specifically relating to the two projects, the Pawtucket Project and the Amtrak Project, to which the request for admissions relate. Accordingly, by definition, both Rosciti and AHR are responsible for actions of South Shore in conducting the bonded projects and cannot assert that they object to answering requests for admissions on the basis that they are individuals and therefore cannot have knowledge or responsibility for answering questions concerning actions or transactions involving South Shore.

4. Fed. R. Civ. P. 36(a)(4) specifically prohibits parties from asserting lack of knowledge or lack of information as a reason for failing to admit or deny a request for admission because of lack of knowledge or information where there is no indication that the party so objecting has made a "reasonable inquiry," or that the information the party knows or can readily obtain is insufficient to enable it to admit or deny the request. The documents or transactions specifically referred to in the request are either documents in possession of, or transactions that are within the knowledge of Rosciti, as vice president of South Shore, or AHR (as the President of AHR, Anthony Rosciti, Jr., is also President of South Shore). At any rate, the request refers to documents or a transaction the information of which can be readily obtained by Rosciti and AHR from the South Shore receivership estate.

Accordingly, Hanover requests that Rosciti and AHR either admit or deny the request for admission. If the request for admission is denied, Hanover requests that Rosciti and AHR provide full and complete responses to subparts 1 through 4 of interrogatory number 5.

Response to Request to Admission No. 6:

Your response to the request to admission is incomplete, evasive or non-responsive. Fed. R. Civ. P. 36(a)(4) and (5) provides that a party responding to a request for admission that it cannot admit or deny, or a party objecting to the request for admission, must state in detail the basis for its objection or their inability to admit or deny the request.

Further, request for admission no. 6 is clear and your clients should be able to admit or deny whether South Shore indeed forwarded the payment or payments to G. Donaldson. If the request or admission is denied, then Hanover requests that your clients fully answer interrogatory no. 6.

Answer to Interrogatory No. 6:

Your clients in part claim that partial payments were made to G. Donaldson, but do not detail the information regarding any payments made, as requested. AHR also states that the details of the transactions are in the possession of South Shore. This answer is non-responsive and evasive. AHR is obligated to make reasonable inquiry. In any event, it is disingenuous to state that AHR, with Anthony Rosciti, Jr. as its president, on the one hand, had no knowledge of the transaction at issue, but South Shore, with the same Anthony Rosciti, Jr. as president, had all of the knowledge. Finally, your clients' assertion that they were not parties to the transaction described is not a valid basis to object, as set forth in detail in Hanover's response to your clients answer to interrogatory no. 5, above.

Response to Request for Admission No. 7:

Rosciti and AHR object to the request for admission on two bases.

(a) Rosciti and AHR allege that the request for admission calls for a legal conclusion or opinion. The request for admission does not call for a legal conclusion, but merely requests the Rosciti and AHR to explain their understanding of a relevant portion of the Indemnity Agreement as it relates to the facts indicated. A request for admission may call for admission as to a party's interpretation of a contractual provision. Accordingly, the objection does not have a valid basis.

(b) Rosciti and AHR object on the basis that the terms and conditions of the Indemnity Agreement speaks for themselves. This objection is non-responsive or evasive. Fed. R. Civ. P. 36 does not provide a basis to object for this reason.

Accordingly, Hanover requests that Rosciti and AHR either admit or deny request for admission no. 7. If the request for admission is denied, Hanover requests that Rosciti and AHR answer interrogatory no. 7.

Response to Request for Admission and Interrogatory No. 8:

Rosciti and AHR deny that their failure to post collateral or otherwise indemnify Hanover constituted a default of the agreement of indemnity. In their answer to interrogatory no. 8, which requested basis for the denial and also why Rosciti and AHR signed a letter acknowledging default, the answer to the interrogatory is non-responsive or evasive. Rosciti and AHR claim they were attempting to raise funds, but that the Hanover action "hindered" their efforts. Clearly this is not responsive to the question asked of whether the failure to post the collateral was default of the Indemnity Agreement. In addition, the statement that Rosciti and AHR signed letters acknowledging their default only after assurances from Hanover is not responsive to the question as to whether they were in default or not.

Accordingly, Hanover requests Rosciti and AHR provide responsive answers to interrogatory no. 8.

Response to Request for Admission No. 9:

Rosciti and AHR object to the request for admission on two bases.

(a) Rosciti and AHR allege that the request for admission calls for a legal conclusion or opinion. The request for admission does not call for a legal conclusion, but merely requests Rosciti and AHR to explain their understanding of a relevant portion of the Indemnity Agreement as it relates to the facts indicated. A request for admission may call for admission as to a party's interpretation of a contractual provision. Accordingly, the objection does not have a valid basis.

(b) Rosciti and AHR also object on the basis that discovery is ongoing. This is not a valid basis to object to a request for admission.

Accordingly, Hanover requests that Rosciti and AHR either admit or deny the request for admission. If the request for admission is denied, Hanover requests that Rosciti and AHR respond completely to the answer to interrogatory.

Responses to Request for Admissions Nos. 10 - 17:

Rosciti and AHR deny all of theses requests for admissions that relate to specific affirmative defenses that AHR and Rosciti make in their amended answer to Hanover's complaint. In each case, their answers to the following interrogatories object to the request for admission on the basis that it asks for a legal conclusion and the information is subject to the work product privilege. With respect to those objections, Hanover asserts that the requests for admissions do not call for a legal conclusion but seek admission of the truth of matters within the scope of discovery relating to facts, application of law to facts or opinions about either. Further,

these admissions are directly requesting the bases for these affirmative defenses. Under Fed. R. Civ. P. 36(a)(5), a party cannot object solely on the ground that the request presents a genuine issue for trial. Since Rosciti and AHR have presented these as affirmative defenses, it is not objectionable for Hanover to request the bases for the affirmative defenses.

In addition, the answers to interrogatories 10 – 17 concentrates on one fact alone to the exclusion of all others. All the answers to the interrogatories point to the action of Hanover contacting the owners on the Pawtucket and Amtrak Projects to request that they not pay any additional contract funds to South Shore without Hanover's prior written consent. Rosciti and AHR use this one fact to support the affirmative defenses that: Hanover breach the Indemnity Agreement; Hanover engaged in misfeasance and/or malfeasance; Hanover's claims were caused by its own negligence; Hanover engaged in tortious interference with perspective business relations; Hanover engaged in tortious interference with contractual relations; Hanover engaged in bad-faith and unfair dealing; Hanover breached a fiduciary or obligation; and Hanover engaged in unfair and deceptive acts and/or practices in violation of Chapter 93A of the Massachusetts Laws. The interrogatories in each case requested the detailed basis for any denial for the request for admission. The answers to interrogatories do not provide detailed basis for supporting the denials because they do not set forth in detail the basis for the facts and opinion supporting the claim that Hanover engaged in any of these activities.

Accordingly, Hanover requests that Rosciti and AHR either amend their responses to the requests to admissions from denial to admission, or provide detailed answer to interrogatories supporting their denials.

Please provide your clients responses within 7 days from the date of this letter. If response are not made within that time or if the response are deemed non-responsive or evasive by Hanover, Hanover plans to file a motion to compel under Fed. R. Civ. P. 37 and/or motion regarding the sufficiency of responses under Fed. R. Civ. P. 36(a)(6), and request sanctions, including its attorney's fees.

Very truly yours,

Ronald E. Ritland

RER/jms

675705_1
2114-92646