**Ronald E. Ritland**

---

**From:** Christopher Mulhearn, Esq. [cmulhearn@frlawri.com]
**Sent:** Monday, April 07, 2008 9:25 AM
**To:** Ronald E. Ritland
**Cc:** pmoretti@tllaw.com
**Subject:** The Hanover Insurance Group vs. Anthony F. Rosciti, Jr., et al, C.A. No.: 06-276T
**Attachments:** subp-ritland.pdf; Depo - ritland.pdf

Dear Ron:

In reviewing the discovery adduced in this matter to date, and, more particularly, the transcripts in connection with the depositions given thus far, it has become clear that you are a fact witness in this case. Simply put, by all accounts, you were the "point person" for The Hanover Insurance Group in its discussions, negotiations and/or direction to the project owners relative to the so-called Pawtucket Project and Amtrak Project, respectively.

As such, it would appear that your deposition is necessary at this time. To that end, we attach a subpoena commanding your appearance for deposition in this matter.

Should you wish to discuss this matter further, we would certainly be glad to do so. Please feel free to contact us at your earliest convenience.

Ferrucci Russo P.C.
**Counsellors at Law**

***Christopher M. Mulhearn***
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
cmulhearn@frlawri.com

This e-mail message is subject to attorney-client privilege and contains information intended only for the person(s) named above. If you receive this transmission in error, please notify us immediately. Destroy the original message and all copies.



**EXHIBIT A**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of Rhode Island

**THE HANOVER INSURANCE GROUP,**

**Plaintiff**

**vs.** **C.A. No.: 06-276/T**

**ANTHONY F. ROSCITI, JR.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,**

**Defendants**

TO: **Ronald Ritland, Esq. c/o Peabody Arnold, LLP**
**600 Atlantic Avenue, Boston, MA 02210**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ferrucci Russo, P.C., 55 Pine Street, 4th Floor<br>Providence, RI 02903 | **April 14, 2008 at 12:30 p.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 04.07.08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Christopher M. Mulhearn, Esq.**
Ferrucci Russo P.C., 55 Pine Street, Providence, RI 02903
(401) 455-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
Date

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C&D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE HANOVER INSURANCE GROUP,<br><br>Plaintiff<br><br>vs.<br><br>ANTHONY F. ROSCITI, JR.; HENRY V. ROSCITI; and A.H.R. UTILITY CORPORATION,<br><br>Defendants | : | C.A. No.: 06-276/T |

Notice to Take Deposition

To: Ronald Ritland, Esq.
c/o Peabody & Arnold, LLP
600 Atlantic Avenue
Boston, MA 02210

Rhode Island Court Reporting
747 North Main Street
Providence, RI 02904

**PLEASE TAKE NOTICE** that at 12:30 **p.m.** on **April 14, 2008,** at the law offices of Ferrucci Russo P.C., 55 Pine Street, 4th Floor, Providence, Rhode Island, 02903, Plaintiffs, by and through their legal counsel, will take the deposition of **Ronald Ritland, Esq.** by stenographic means before an officer authorized to administer oaths. The deposition will continue from day to day until completed.

Respectfully submitted,

Anthony F. Rosciti, Jr. & Shannon B. Rosciti

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
E-mail: cmulhearn@frlawric.om

Dated: April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via e-mail on the following on this 7th day of April, 2008:

**Kevin C. Cain, Esq.** – kcain@peabodyarnold.com

**John P. Connelly, Esq.** – jconnelly@peabodyarnold.com

**Paul J. Moretti, Sr.** – pmoretti@tllaw.com; rarsac@tllaw.com

**Joseph DeAngelis, Esq.** – jdeangelis@tllaw.com

**Ronald E. Ritland, Esq.** –rritland@peabodyarnold.com

/s/ Christopher M. Mulhearn