UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP;<br>Defendants | CIVIL ACTION NO. 1:06-cv-00392-T-LDA |

**PLAINTIFF HANOVER INSURANCE GROUP'S REPLY TO AND REQUEST FOR EXPEDITED DECISIONS ON SEPARATE MOTIONS OF DEFENDANTS TO ENLARGE THE TIME TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**

The Hanover Insurance Group ("Hanover") files this reply to the separate motions of Defendants/Plaintiffs Anthony F. Rosciti, Jr. and Shannon B. Rosciti ("Roscitis") and Defendants Henry V. Rosciti, Jr. and AHR Utility Corporation ("H.Rosciti/AHR") to enlarge the time to reply to Hanover's motion for summary judgment against Roscitis and H. Rosciti/AHR.

**Procedural Posture**

Hanover filed its motion for summary judgment against Roscitis and H. Rosciti/AHR on June 20, 2008. By rule, Defendants had through July 7, 2008 to respond. Upon request from Roscitis and H. Rosciti/AHR, Hanover agreed with Defendants to extend the time to respond to

the summary judgment motion through July 9, 2008.[1] Motions for extension were filed on behalf of Roscitis and H. Rosciti/AHR on July 2 and 3, 2008, respectively, and granted by this Court on July 9, 2008. Also on July 9, 2008, Roscitis filed a second motion seeking additional time to respond to Hanover's motion to July 23, 2008. H. Rosciti/AHR filed a similar motion on the same day. Hanover replies to both motions.

**Discussion**

Under Fed. R. Civ. P. 6(b), the court "may, for good cause, extend the time" for response beyond the specified time upon motion made before the original or extended period expires. The "district court, charged with administration of a busy docket and a burgeoning case load, must be ceded considerable discretion in the rule's application." Mendez v. Banco Popular De Puerto Rico, 900 F. 2d 4, 6 (1st Cir. 1990).

In Mendez, despite the fact that a hurricane had gone through Puerto Rico at the time the deadline expired on the extension for replies to plaintiff's summary judgment motion, the court affirmed the trial court's refusal to grant additional time. Defendant's counsel had asked for prior extensions which were granted. The court found that since the court had given defendant's counsel the time he requested on the prior extension request, the implication was that this time was sufficient. Id. at 6. Additionally, the court noted that the scheduling or personal concerns of one attorney in a multi-attorney law firm did not hold as much sway as if the attorney had been a sole practitioner. Id. at 7.

In this case, in their separate, initial motions to enlarge their times to respond, Roscitis and H. Rosciti/AHR both requested two additional days beyond the July 7, 2008 deadline to

---

[1] It should be noted that Roscitis' counsel originally requested that Hanover consent to time extensions through July 14, 2008, not July 23, 2008 as he now requests in the instant motion.

respond. Both of these sets of defendants are represented by multi-attorney law firms.[2] Although Hanover is sensitive to the fact that both motions set forth personal difficulties related to the lead attorneys' mothers as basis for the additional time extension requests, it also notes it consented to the additional time initially requested on this basis. Hanover is also concerned that additional time may be requested in the future if these second extensions are granted. This matter has been subject to, at times, needless delay at the hands of Defendants, and has been on the docket for more than two years. Defendants, through their respective law firms, have had ample time to respond under the original deadline and the first extension.

Hanover respectfully requests that the requests for additional extensions be denied. Alternatively, if granted, Hanover respectfully requests that the extensions extend only through July 16, 2008 and be granted only upon additional showing of good cause reasonably supported by affidavit or as otherwise ordered by this Court. In either case, Hanover seeks an expedited decision so that a decision on the time extensions are not rendered moot with the passage of time.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, *pro hac vice*
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
[617] 951.2100

Dated: July 10, 2008

[2] Roscitis are represented by a five member firm based in Rhode Island, and two of those attorneys filed appearances in this matter. H.Rosciti/AHR are represented by a firm with at least 50 attorneys licensed to practice in Rhode Island.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within document was served via electronic mail on the following on this 10th day of July, 2008:

Joseph D'Angelis – jdeangelis@tllaw.com
Christopher Mulhearn – cmulhearn@frlawri.com

/s/ Ronald E. Ritland
Ronald E. Ritland