UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ANTHONY F. ROSCITI, JR., SHANNON B. ROSCITI, HENRY V. ROSCITI, JR. and AHR UTILITY CORPORATION<br>Defendants | CIVIL ACTION NO. 1:06-cv-00276-T-LDA |
| ANTHONY F. ROSCITI, JR.; and SHANNON B. ROSCITI<br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP;<br>Defendant | CIVIL ACTION NO. 1:06-cv-00392-T |

**PLAINTIFF HANOVER INSURANCE GROUP'S REPLY TO THE RESPONSE OF HENRY V. ROSCITI, JR. AND AHR UTILITY CORPORATION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Hanover Insurance Group ("Hanover") hereby files the following Reply to the Response of Henry V. Rosciti, Jr. and AHR Utility Corporation ("H. Rosciti/AHR" or "Defendants") to its Summary Judgment Motion.

## ARGUMENT

On August 1, 2008, H. Rosciti/AHR filed its Response to Hanover's summary judgment motion which essentially mimics the materials and argument filed by co-defendants Anthony R. Rosciti, Jr. and Shannon B. Rosciti ("Roscitis") on July 23, 2008 in support of their Objection to Hanover's Motion for Summary Judgment. As such, as part of its Reply to the H. Rosciti/AHR

Response, Hanover incorporates its August 7, 2008 Reply to the Roscitis' Objection fully here (only inserting "H.Rosciti/AHR" for all references to "Roscitis" in that Reply). Hanover, however, adds the following to specifically respond to additional arguments/responses made by H.Rosciti/AHR in support of their Reply.

First, H. Rosciti/AHR specifically assert in their Response that summary judgment is inappropriate here in that the "record is rife with disputed material facts." (Defendants' Response, pg. 4). Defendants do not, however, either detail the disputed facts, or the basis for any dispute they have with them.[1] Defendants only offer conclusory statements that "there are insufficient undisputed facts," (Defendants Response, pg. 4) which, of course, is not the standard under Federal Rule of Civil Procedure 56.

Second, Defendants claim that Hanover, in its memorandum supporting it summary judgment motion, "virtually ignores Responding Defendants' affirmative defenses predicated upon the facts and circumstances surrounding the alleged 'default' as opposed to the alleged default itself." (Defendants' Response, pg. 4). This argument is wrong for at least two reasons. Hanover supports in detail its summary judgment motion on Defendants' affirmative defenses (Hanover's memorandum in support of its summary judgment motion, pgs. 7-19). Defendants are the ones who fail to respond to Hanover's specific arguments. In addition, there is no meaningful distinction between the default and the facts surrounding the default. Defendants, as indemnitors, had duties under the Indemnity Agreement which they failed to perform. These Defendants

[1] In fact, in their Responses to Hanover's Statement of Undisputed Facts, H. Rosciti/AHR admit outright 23 of the 33 distinct statements of fact, refuse to admit (because of lack of knowledge or because the statements are not directed to them) another five of the statements, and either assert immaterial details or insert legal arguments in response to the remaining five statements.

specifically admitted their failure to post collateral when demanded by Hanover on March 17, 2006 was a default of the Indemnity Agreement (Defendants' Response to Hanover's Statement of Undisputed Facts, ¶18). They admit they acknowledged their default in writing (Id., ¶ 21). Defendants have neither pointed to any section of the Indemnity Agreement, nor relevant law that excuses this default based on general, unsupported allegations that Hanover's actions in stopping the payment of contract funds to South Shore Contractors, Inc. to mitigate its loss was some how wrongful.

Accordingly, because of this and because of the arguments set forth in Hanover's summary judgment motion and in its reply to the Roscitis' objection, Hanover is entitled to judgment against the H.Rosciti/AHR on its Complaint as a matter of law. Accordingly, Hanover respectfully requests that its summary judgment motion be granted and that Hanover have judgment against the H. Rosciti/AHR in the amount of $2,112,008.81, plus accrued interest, together with such other relief the Court deems just and proper.

Respectfully submitted,

THE HANOVER INSURANCE GROUP,

By its attorneys,

/s/ Ronald E. Ritland
Ronald E. Ritland, *pro hac vice*
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
[617] 951.2100

Dated: August 12, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within document was served via electronic mail on the following on this 12th day of August, 2008:

Joseph D'Angelis – jdeangelis@tllaw.com
Christopher Mulhearn – cmulhearn@frlawri.com

*/s/* Ronald E. Ritland
Ronald E. Ritland